J-A19034-15

2015 PA Super 161

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH PENNYBAKER, | : | |
| | : | |
| Appellant | : | No. 1068 WDA 2014 |

Appeal from the Judgment of Sentence entered on May 23, 2014
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0016074-2013

BEFORE:  BENDER, P.J.E., JENKINS and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:                          **FILED JULY 28, 2015**

Keith Pennybaker ("Pennybaker") appeals from the judgment of sentence imposed following his conviction of failure to comply with the sexual offender registration requirements imposed by 42 Pa.C.S.A. § 9799.10, *et seq.*, also known as the Sexual Offender Registration and Notification Act ("SORNA").[1]  We affirm.

Pennybaker was convicted of rape[2] at a non-jury trial in 1997.  As a result thereof, he became subject to a mandatory registration requirement

---

[1] *See* 18 Pa.C.S.A. § 4915.1(a)(2).

[2] *See* 18 Pa.C.S.A. § 3121.

for sexual offenders.[3] Because rape is a Tier III sexual offense under SORNA, Pennybaker became subject to a lifetime registration requirement. *See* 42 Pa.C.S.A. § 9799.14(d)(2) (establishing rape as a Tier III sexual offense); *see also id*. § 9799.15(a)(3) (requiring an individual convicted of a Tier III sexual offense to register for life). In 2011, Pennybaker was released from prison, and complied with his registration requirement on at least two occasions. Pennybaker was thereafter incarcerated for six months in 2013 and, prior to his release, was notified of the requirement to update his residence registration upon his release from prison.[4] Nevertheless, following his release on September 18, 2013, Pennybaker failed to comply with his SORNA registration requirement.

---

[3] At the time of Pennybaker's conviction, the registration period for a defendant convicted of a sexual offense was governed by 42 Pa.C.S.A. § 9791*, et seq.*, commonly referred to as "Megan's Law." Under Megan's Law, a defendant convicted of rape was subject to a 10-year registration requirement. *See* 42 Pa.C.S.A. § 9793 (effective until December 20, 2012) (imposing a 10-year registration requirement for a defendant convicted of, *inter alia*, rape). SORNA was enacted on December 20, 2011, and became effective on December 20, 2012. When it became effective, SORNA applied to sexual offenders already required to register. *See* 42 Pa.C.S.A. § 9799.10; *see also Commonwealth v. Giannantonio*, 114 A.3d 429, 431-32 (Pa. Super. 2015) (stating that the prior registration requirements of Megan's Law expired when SORNA became effective). Therefore, on the date SORNA became effective, Pennybaker became subject to the registration requirements imposed by SORNA. *See Giannantonio*, 114 A.3d at 431-32. Notably, Pennybaker does not contest the fact that he is subject to the registration requirements imposed by SORNA.

[4] Pursuant to 42 Pa.C.S.A. § 9799.15(g)(2), Pennybaker was required to appear at an approved registration site within three business days of his release from prison to provide current information relating to his change in residence.

- 2 -

On October 4, 2013, Pennybaker was charged with one count of failure to comply with registration requirements under 18 Pa.C.S.A. § 4915.1. The matter proceeded to a non-jury trial on April 4, 2014, at which Pennybaker admitted that he was aware of his registration requirement and that he had failed to comply with it. At the conclusion of the trial, the trial court found Pennybaker guilty of violating section 4915.1(a)(2). On April 10, 2014, the Commonwealth filed a Notice of Intention to Seek Mandatory Sentence, pursuant to 42 Pa.C.S.A. § 9718.4(a)(1)(iii). In response, Pennybaker filed a Motion to Bar Application of Mandatory Minimum Sentence and, subsequently, an Amended Motion. On April 29, 2014, the Commonwealth filed a Motion to Apply Mandatory Minimum Sentence. Pennybaker filed a Reply Brief on May 7, 2014. At the sentencing hearing on May 23, 2014, the trial court denied Pennybaker's Motion and sentenced him to the mandatory minimum period of incarceration of 36 to 72 months. Pennybaker filed a Post-Sentence Motion on May 30, 2014, and Additional Persuasive Authority on June 2, 2014. On June 3, 2014, the trial court denied Pennybaker's Post-Sentence Motion.

On July 3, 2014, Pennybaker filed a timely Notice of Appeal. On December 1, 2014, after several requests for extension of time, Pennybaker filed a Concise Statement of Errors Complained of on Appeal. On December 23, 2014, the trial court filed its Pennsylvania Rule of Appellate Procedure 1925(a) Opinion.

On appeal, Pennybaker raises the following issue for our review:

Whether pursuant to the Supreme Court of the United States['] decision in **Alleyne v. United States**,[5] 42 Pa.C.S.A. § 9718.4 is unconstitutional[,] as it only requires a judge to find a fact triggering a mandatory minimum sentence – [] Pennybaker's SORNA registration period length – by a preponderance of the evidence, and not by a jury beyond a reasonable doubt?

Brief for Appellant at 8 (capitalization omitted, footnote added).

Our standard of review regarding the applicability of a mandatory sentencing provision is as follows:

Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

**Commonwealth v. Hawkins**, 45 A.3d 1123, 1130 (Pa. Super. 2012).

Pursuant to 42 Pa.C.S.A. § 9799.15, Pennybaker, as a convicted sexual offender, was required to appear at an approved registration site within three business days of his release from prison to provide current information relating to his change in residence. **See** 42 Pa.C.S.A. § 9799.15(g)(2). An individual, such as Pennybaker, who is subject to registration under 42 Pa.C.S.A. § 9799.13, commits an offense if he knowingly fails to verify his address or be photographed as required by 42 Pa.C.S.A. § 9799.15. **See** 18 Pa.C.S.A. § 4915.1(a)(2). Additionally, any individual subject to lifetime SORNA registration under sections 9799.13 and

_____

[5] 133 S. Ct. 2151 (2013).

- 4 -

9799.15, who fails to comply with such registration requirement, is subject to a mandatory sentence of at least three years in prison. **See** 42 Pa.C.S.A. § 9718.4(a)(1)(iii).[6]

Pennybaker contends that the trial court erred when it sentenced him to a mandatory minimum sentence, under section 9718.4, based on his SORNA registration requirement because, he contends, the length of his registration requirement is a "fact" that must be found by a jury beyond a reasonable doubt pursuant to **Alleyne**. Brief for Appellant at 14. Pennybaker argues that 42 Pa.C.S.A. § 9718.4 is unconstitutional because it requires a judge to find a "fact" that triggers the application of a mandatory minimum sentence (*i.e.*, the length of the registration requirement) by a "preponderance of the evidence standard," rather than by a jury applying a "beyond a reasonable doubt" standard. Brief for Appellant at 14. While Pennybaker acknowledges that prior convictions are an exception to **Alleyne** and **Apprendi v. New Jersey**, 530 U.S. 466 (2000), he nevertheless asserts that a "prior conviction" is separate from the "sentence" imposed for the prior conviction. Brief for Appellant at 20. In support of his argument, Pennybaker points out that the statute denoting the various SORNA registration requirements are found in the Sentencing Code rather than the Crimes Code. *Id*. at 20 n.3. Pennybaker claims that the registration

---

[6] Section 9718.4 provides for the imposition of a lesser mandatory minimum sentence (2 years) for individuals who are subject to 15 years of SORNA registration. **See** 42 Pa.C.S.A. § 9718.4(a)(1)(i).

requirement imposed following his conviction of rape was a part of his sentence and not a part of his prior conviction. Brief for Appellant at 20.[7] Additionally, Pennybaker asserts that a SORNA registration requirement constitutes a "collateral consequence" of a conviction, rather than a punishment. *Id*. at 22. For this reason, Pennybaker contends, the lifetime registration requirement imposed as part of his sentence for the rape conviction is not a prior conviction, but, rather, constitutes a fact which the finder of fact is required to determine beyond a reasonable doubt pursuant to *Alleyne*. Brief for Appellant at 14.

"We begin our analysis by recognizing that there is a strong presumption in the law that legislative enactments do not violate the constitution. Moreover, there is a heavy burden of persuasion upon one who challenges the constitutionality of a statute." *Commonwealth v. Barud*,

---

[7] In support of his argument, Pennybaker relies on *Commonwealth v. Hainesworth*, 82 A.3d 444 (Pa. Super. 2013), and *Commonwealth v. Nase*, 104 A.3d 528 (Pa. Super. 2014). However, both *Hainesworth* and *Nase* are factually and procedurally distinguishable from the instant case. In each of those cases, the defendant had pled guilty to a sexual offense based, in part, on either the absence of a registration period, or a limited registration period that was in place under Megan's Law at the time of the plea agreement. When the statutory registration period was subsequently enlarged by SORNA, the defendants challenged the imposition of a registration period beyond what than they had agreed to pursuant to their respective plea bargains. Relying on contract principles, this Court ruled that the defendants were not subject to a SORNA registration period beyond what they had bargained for in their negotiated plea agreements. *See Hainesworth*, 82 A.3d at 450; *Nase*, 104 A.3d at 535. Here, Pennybaker did not enter into a negotiated plea agreement; rather, he was convicted of rape by a jury. Moreover, Pennybaker does not contest his lifetime registration requirement under SORNA. Thus, his reliance on *Hainesworth* and *Nase* is misplaced.

- 6 -

681 A.2d 162, 165 (Pa. 1996) (citations omitted). As a matter of statutory construction, we presume "the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth." 1 Pa.C.S.A. § 1922(3). A statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution, and all doubts are to be resolved in favor of a finding of constitutionality. *Commonwealth v. Hendrickson*, 724 A.2d 315, 317 (Pa. 1999)*.*

In *Alleyne*, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155. However, in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court stated that the fact of a prior conviction does not need to be submitted to a jury and found beyond a reasonable doubt. *Id*. at 1232. The *Alleyne* Court explicitly noted that *Almendarez-Torres* remains good law, and is a narrow exception to the holding of *Alleyne*. *See Alleyne*, 133 S. Ct. at 2160 n.1.[8]

Therefore, as the law currently stands, the imposition of a mandatory minimum sentence based on a prior conviction is not unconstitutional. *See*

---

[8] We observe that several Pennsylvania sentencing enhancement statutes have been rendered unconstitutional pursuant to *Alleyne*, including, *inter alia*, 18 Pa.C.S.A. § 6317 (relating to sentences for drug crimes committed in school zones); 18 Pa.C.S.A. § 7508 (relating to sentences for drug trafficking); 42 Pa.C.S.A. § 9712 (relating to sentences for offenses committed with firearms); 42 Pa.C.S.A. § 9713 (relating to sentences for offenses committed on public transportation); and 42 Pa.C.S.A. § 9718 (relating to sentences for offenses against persons under 16 years of age).

*Commonwealth v. Hale*, 85 A.3d 570, 585 n.13 (Pa. Super. 2014) (holding that prior convictions are the remaining exception to *Apprendi* and *Alleyne*). However, "in cases where the fact which increases the maximum penalty is not a prior conviction *and requires a subjective assessment*, anything less than proof beyond a reasonable doubt before a jury violates due process." *Commonwealth v. Aponte*, 855 A.2d 800, 811 (Pa. 2004) (emphasis supplied).

Here, the statute at issue, 42 Pa.C.S.A. § 9718.4(a)(1)(iii), does not provide for any fact-finding, nor does it make the application of the mandatory minimum sentence contingent on any factual question that has not already been determined. *See Aponte*, 855 A.2d at 811 (noting that the enhancement statute at issue in that case, relating to prior convictions, was not illegal because application of the statute was not contingent on any fact-finding or any factual question that had not already been determined).

Moreover, the length of Pennybaker's SORNA registration requirement is not a "fact" that requires a subjective assessment. *See Aponte*, 855 A.2d at 811. Rather, the length of Pennybaker's SORNA registration requirement is established by statute. *See* 42 Pa.C.S.A. § 9799.14(d)(2) (establishing rape as a Tier III sexual offense); *see also id*. § 9799.15(a)(3) (requiring an individual convicted of a Tier III sexual offense to register for life). As such, the fact that Pennybaker is subject to SORNA registration for the rest of his life is, like statutes enhancing

sentences based on prior convictions, "an objective fact that initially was cloaked in all the constitutional safeguards, and is now a matter of public record." **Aponte**, 855 A.2d at 811. Because the length of Pennybaker's registration requirement was mechanical and capable of objective proof, there was no need for the jury to determine this issue. **See id**. Accordingly, we conclude that the sentencing enhancement contained in section 9718.4(a)(1)(iii) is constitutionally valid, and reject Pennybaker's constitutional challenge thereto. Having determined that Pennybaker was properly sentenced under section 9718.4(a)(1)(iii), we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015