J-S12032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAMAR PARKER, | : | |
| | : | |
| Appellant | : | No.  2673 EDA 2015 |

Appeal from the PCRA Order August 12, 2015,
in the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0004420-2012

BEFORE:    MUNDY, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 28, 2016**

Damar Parker (Appellant) appeals from the order entered on August 12, 2015, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant background underlying this matter as follows.

> On May 24, 2012, [Appellant] was arrested and charged with two [] counts of Manufacture, Delivery, or Possession with the Intent to Manufacture or Deliver a Controlled substance ("PWID").

> On September 28, 2012, [Appellant] entered a guilty plea to all charges.  Sentencing was deferred for "mitigation evidence."

> On February 12, 2013, the Commonwealth filed a Notice of Mandatory Minimum Sentence of three [years of] incarceration on both counts pursuant to 18 Pa.C.S. § 7508 ("Drug trafficking sentences and penalties") and 18 Pa.C.S. § 6317 ("Drug free school zones").

*Retired Senior Judge assigned to the Superior Court.

On February 13, 2013, [Appellant] was sentenced to not less than three [nor more than six years of] incarceration on both counts of PWID, to be served consecutively. [Appellant timely filed a motion for reconsideration of sentence, which the trial court denied on March 13, 2013. He did not pursue a direct appeal.]

PCRA Court Opinion, 8/12/2015, at 1-2.

On July 26, 2014, Appellant *pro se* timely filed his PCRA petition. Counsel subsequently filed an amended PCRA petition. According to the PCRA court,

[o]n June 29, 2015, [it] held a meeting with the District Attorney and [PCRA counsel]. At this meeting, the parties agreed that the sole issue presented in this PCRA was whether [***Alleyne v. United States***, 133 S.Ct. 2151 (2013)] applies retroactively to individuals proceeding upon collateral review. Accordingly, an evidentiary hearing was unnecessary[, and the court] ordered each party to submit a brief[.]

PCRA Court Opinion, 8/12/2015, at 2-3 (emphasis omitted).

After the parties submitted their briefs, the PCRA entered an order denying Appellant's petition. Appellant timely filed a notice of appeal. In his brief to this Court, Appellant asks us to consider one question, namely, "Did the [PCRA court] err in denying Appellant's [PCRA petition] where Appellant challenged the legality of his sentence pursuant to [***Alleyne***]?" Appellant's Brief at 4.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of

record and free of legal error. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

In ***Alleyne***, "the United States Supreme Court [] held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt." ***Commonwealth v. Valentine***, 101 A.3d 801, 809 (Pa. Super. 2014). This Court has determined that the holding in ***Alleyne*** renders unconstitutional the statutes pursuant to which Appellant was sentenced. ***See Commonwealth v. Pennybaker***, 121 A.3d 530, 533-34 n.8 (Pa. Super. 2015) (recognizing that ***Alleyne*** has rendered unconstitutional several Pennsylvania sentencing statutes, including 18 Pa.C.S. § 7508 and 18 Pa.C.S. § 6317). Appellant nonetheless is not entitled to relief.

"[T]his Court [] recently declined to give ***Alleyne*** retroactive effect to cases on **timely** collateral review when the defendant's judgment of sentence was finalized before ***Alleyne*** was decided." ***Commonwealth v. Ruiz***, 2015 WL 9632089, at *3 (Pa. Super. 2015) (emphasis in original) (citing ***Commonwealth v. Riggle***, 119 A.3d 1058 (Pa. Super. 2015)). The trial court denied Appellant's motion for reconsideration of sentence on March 13, 2013. Thus, Appellant had until April 12, 2013 to pursue a direct appeal. Pa.R.Crim.P. 720(A)(2)(a). He did not do so; thus, his judgment of sentence was finalized on April 12, 2013. ***See*** 42 Pa.C.S. § 9545(b)(3) ("For purposes of [the PCRA], a judgment becomes final at the conclusion of direct

review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

The United States Supreme Court decided **Alleyne** on June 17, 2013. Because Appellant's judgment of sentence was final before that date, **Alleyne** is inapplicable to his judgment of sentence. Thus, the PCRA court did not err by denying Appellant's PCRA petition, and we affirm the court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>1/28/2016</u>