J-S26012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH L. WILLIAMS | |
| Appellant | No. 473 EDA 2015 |

Appeal from the PCRA Order January 27, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008760-2009

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 12, 2016**

Appellant, Kenneth L. Williams, appeals *pro se* from an order entered on January 27, 2015 that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court accurately summarized the factual and procedural history in this case as follows:

> On December 21, 2010, a jury found Appellant guilty of six counts of [c]riminal [c]onspiracy,[1] seven counts of [r]obbery – fear of serious bodily injury,[2] seven counts of [s]imple [a]ssault,[3]

---

[1] 18 Pa.C.S.A. § 903(a)(1).

[2] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[3] 18 Pa.C.S.A. § 2701(a)(3).

*Retired Senior Judge assigned to the Superior Court.

five counts of [t]erroristic [t]hreats,[4] and seven counts of [t]heft by [u]nlawful [t]aking.[5]  Appellant's convictions arose out of [a string of armed robberies committed with his co-conspirator, Dennis Maddrey, during August 2009.  During the robberies, Maddrey approached and robbed the victims while Appellant drove the getaway vehicle.]

Appellant was sentenced [to an aggregate term of ten to 20 years' incarceration] on June 1, 2011.  A timely direct appeal was filed.  Th[e trial c]ourt authored a [Pa.R.A.P.] 1925(a) [o]pinion addressing claims that suppression was improperly denied, a motion for a mistrial was improperly denied, there was insufficient evidence to convict and a challenge to the discretionary aspects of sentencing.  Ultimately, on March 5, 2012, [this C]ourt dismissed the direct appeal without reaching the merits based upon appellate counsel's failure to file a brief.

On May 31, 2012, Appellant filed a timely *pro se* PCRA petition.  Th[e PCRA c]ourt appointed counsel to represent Appellant.  On July 31, 2012, PCRA counsel submitted an [a]mended PCRA petition, requesting that Appellant's direct appeal rights be reinstated *nunc pro tunc* due to appellate counsel's ineffectiveness in failing to file a brief with [this C]ourt, causing his initial direct appeal to be dismissed.  With the Commonwealth in agreement, on August 2, 2012, th[e PCRA c]ourt issued an [o]rder reinstating Appellant's direct appeal rights.  Appellant filed his notice of appeal on August 29, 2012. Appellant also filed a concise statement of errors complained of on appeal and th[e PCRA c]ourt authored a Pa.R.A.P. 1925(a) [o]pinion, addressing issues [involving] an allegedly improper denial of suppression, improper denial of a mistrial, and whether incriminating statements were properly admitted.

_____

[4] 18 Pa.C.S.A. § 2706(a)(1).

[5] 18 Pa.C.S.A. § 3921(a).

- 2 -

On April 26, 2013, [this Court] affirmed Appellant's judgment of sentence.[6] The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 17, 2013.

On August 21, 2014, Appellant filed the *pro se* PCRA petition, which is currently at issue. PCRA counsel was appointed on August 28, 2014. Finding no non-frivolous issues to pursue, PCRA counsel filed a no-merit letter and a petition to withdraw as counsel. Pursuant to Pa.R.Crim.P. 907, th[e PCRA c]ourt issued an order dated December 30, 2014, notifying Appellant of [the court's] intention to dismiss his PCRA petition without a hearing and of his right to file a response to the proposed dismissal. Counsel was permitted to withdraw.

Subsequently, on January 14, 2015, Appellant filed a [m]otion for [e]xtension of [t]ime to file a response to the proposed dismissal order. This request was denied and a final order of dismissal was entered on January 27, 2015. This timely appeal follow[ed].

PCRA Court Opinion, 4/20/15, at 1-3.

Appellant raises several claims that we divide into three categories and that we shall describe in detail in the discussion that follows. Specifically, Appellant alleges claims involving trial court error, a claim that his sentence is illegal, and claims asserting ineffectiveness by prior trial and appellate counsel. These contentions merit no relief.

We begin with a recitation of our standard of review, as set forth by the PCRA court.

"An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and

_____

[6] Appellate counsel only raised two issues [before this Court], namely whether the motion to suppress was properly decided and whether the motion for a mistrial was properly denied[.]

reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Freeland**, 106 A.3d 768, 775 (Pa. Super. 2014), *quoting* **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citations and internal quotation marks omitted).

To be entitled to PCRA relief, an appellant must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.A. § 9543(a)(2), his claims have not been previously litigated or waived, and "the failure to litigate the issue prior to or during trial … or on direct appeal could not have been the result of any rational, strategic or tactical decision by trial counsel." [42 Pa.C.S.A.] § 9543(a)(3) [and] (a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue." [42 Pa.C.S.A.] § 9543(a)(2). An issue is waived if appellant "could have raised it but failed to do so before trial, at trial, … on appeal or in a prior state postconviction proceeding." [42 Pa.C.S.A.] § 9544(b)[;] **see also**, **Commonwealth v. Robinson**, 82 A.3d 998, 1005 (Pa. 2013).

PCRA Court Opinion, 4/20/15, at 4.

In his brief, Appellant argues that he is entitled to relief in view of several errors allegedly committed by the trial court. Specifically, Appellant claims that: 1) the evidence was insufficient to support his convictions; 2) the court erred in admitting testimony that supposedly related to other crimes, including robberies that occurred outside Montgomery County; 3) the Commonwealth engaged in prosecutorial misconduct through the alleged introduction of perjurious testimony regarding other crimes, including robberies that occurred outside Montgomery County; and, 4) the court's charge to the jury failed to instruct the panel as to the correct application of

the *corpus delecti* rule. Appellant's Brief at 21-58. These freestanding claims of trial court error are unattached to any claim of ineffectiveness by prior counsel. As such, Appellant's claims of trial court error could have been raised on direct appeal but were not.[7] **See Commonwealth v. Spotz**, 18 A.3d 244, 262 (Pa. 2011) (underlying claim of trial court error is distinct from claim alleging ineffectiveness of counsel). The PCRA provides that an issue is waived if it could have been raised before trial, at trial, on direct appeal, or in a prior state post-conviction proceeding. **Comonwealth v. Chmiel**, 30 A.3d 111, 1127 (Pa. 2011), *citing* 42 Pa.C.S.A. § 9544(b). Accordingly, as the PCRA court held, Appellant waived review of the foregoing claims. PCRA Court Opinion, 4/20/15, at 5.

Appellant next claims that the trial court erred in sentencing him as a second strike offender pursuant to the mandatory minimum sentencing scheme set forth at 42 Pa.C.S.A. § 9714(a). Citing **Commonwealth v.**

---

[7] On direct appeal, Appellant litigated a claim asserting that he was entitled to a new trial in light of the court's admission of testimony that related to other robberies that occurred outside Montgomery County. Appellant distinguishes that claim from his present contention on grounds that his present claim involves testimony elicited after the trial court issued its curative instruction. **See** Appellant's Brief at 41-42 ("To be clear on this matter I'm not arguing that [the court's order disposing of the motion in *limine* was violated or that] a mistrial should have been granted. That's not the issue here, that issue was previously litigated on direct appeal and [Appellant] is barred from raising this claim."; "Right after the curative instruction from [the trial court to the jury, the district attorney] continued to elicit from [the investigating detective] information from the second statement regarding [the] Philadelphia robberies.").

*Shiffler*, 879 A.2d 185 (Pa. 2005), Appellant argues that § 9714 espouses a "recidivist philosophy" that permits the imposition of an enhanced punishment only where an offender has had an intervening opportunity to reform following a predicate conviction for a violent crime. *See* Appellant's Brief at 18. Appellant maintains that his sentence is illegal because the court imposed two consecutive second strike sentences following a single criminal episode and without an intervening opportunity for reform.

A petitioner's claim that his sentence is illegal is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii). "Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Pennybaker*, 121 A.3d 530, 532 (Pa. Super. 2015), *quoting* *Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa. Super. 2012).

In relevant part, § 9714 states:

**§ 9714. Sentences for second and subsequent offenses.**

(a) Mandatory sentence.—

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement[.]

42 Pa.C.S.A. § 9714(a). Robbery and conspiracy to commit robbery are defined as crimes of violence in § 9714.[8] 42 Pa.C.S.A. § 9714(g). If, after conviction and before sentencing, an offender receives reasonable notice that a mandatory minimum sentence will be requested under § 9714 and the offender meets the criteria for sentencing under that provision, the trial court lacks authority to impose a lesser sentence than that prescribed in § 9714. 42 Pa.C.S.A. § 9714(d) and (e).

Appellant's sentence was lawful. The record confirms that the Commonwealth supplied Appellant with the requisite notice before sentencing. N.T. Sentencing, 6/1/11, at 4 Exhibit C-1. Moreover, as the Commonwealth points out, none of Appellant's current convictions served as the predicate offense that triggered application of § 9714. Instead, Appellant's 2004 robbery conviction (entirely omitted from Appellant's analysis) prompted application of § 9714. For this reason, the trial court correctly determined that Appellant was convicted and sentenced for an underlying predicate offense at the time of the criminal episodes in this case. Since Appellant had an opportunity to reform between his conviction and sentence in the 2004 case and the commission of the current robberies, his sentence was lawfully imposed under § 9714.

---

[8] Appellant was sentenced to consecutive ten-year mandatory minimum sentences pursuant to § 9714 for robbery and conspiracy to commit robbery.

In his final category of claims, Appellant asserts that his prior counsel were ineffective. Specifically, Appellant contends that: 1) both trial and "appellate" counsel improperly failed to challenge the trial court's instruction to the jury regarding application of the *corpus delecti* rule; 2) trial counsel failed to thoroughly cross-examine the robbery victims; 3) trial counsel failed to cross-examine co-conspirator Maddrey; 4) trial counsel failed to disclose Maddrey's statement to Appellant; and, 5) trial counsel failed to challenge the racial composition of Appellant's jury.

We have explained the legal standard of review for such claims as follows:

> Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. … Accordingly, to prove counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

*Commonwealth v. Perzel*, 116 A.3d 670, 671-672 (Pa. Super. 2015) (internal citations and brackets omitted).

Our review of the record confirms that Appellant's contentions are meritless. We explain briefly. First, the trial court correctly explained to the jury that it should not consider Appellant's statement unless it found beyond a reasonable doubt that a crime was committed. Thus, there is no arguable merit to Appellant's initial claim involving counsel's ineffectiveness. Second,

although Appellant is correct that trial counsel did not cross-examine the victims, the record confirms that none of the victims identified Appellant. In this factual posture, counsel pursued a reasonable strategy in deciding to forego inquiry and simply argue to the jury that Appellant should be acquitted since the victims failed to identify him. As this is precisely what counsel did, Appellant's claim fails. Third, trial counsel cannot be deemed ineffective in failing to cross-examine Maddrey since he did not testify at Appellant's trial, he was not one of Appellant's accusers, and since calling him to the witness stand would pose grave risks. Fourth, Appellant fails to explain how trial counsel's failure to disclose Maddrey's statement to him caused any prejudice. Finally, there is no merit to Appellant's claim that trial counsel failed to challenge the racial composition of the jury. The record shows that counsel raised a challenge pursuant to **Batson v. Kentucky**, 476 U.S. 79 (1986). **See** N.T. Trial, 12/20/10, at 6-7. Counsel cannot be deemed ineffective where he or she takes the course of action that the petitioner alleges should have been taken. **See Commonwealth v. Cook**, 952 A.2d 594, 620 (Pa. 2008). For each of these reasons, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary


Date: 4/12/2016