J-S13004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH STEPHEN PRYSOCK | |
| Appellant | No. 1856 WDA 2014 |

Appeal from the Judgment of Sentence October 23, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001401-2007,
CP-02-CR-0003062-2006, CP-02-CR-0014464-2006,
CP-02-CR-0015363-2006, CP-02-CR-0015557-2006,
CP-02-CR-0015558-2006, CP-02-CR-0015559-2006

BEFORE:  LAZARUS, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 21, 2016**

Kenneth Stephen Prysock appeals from the judgment of sentence[1] entered in the Court of Common Pleas of Allegheny County after a jury convicted him of two counts of robbery and one count of criminal trespass.[2] After careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Although Prysock's notice of appeal lists numerous docket numbers, he is only challenging the sentence imposed with respect to docket no. CP-02-CR-0015558-2006.

[2] 18 Pa.C.S.A. § 3702(a) (robbery of a motor vehicle); 18 Pa.C.S.A. § 3701(a)(1)(i) (robbery - inflicting serious bodily injury); 18 Pa.C.S.A. § 3503(a)(1).

The trial court summarized the facts of this case as follows:

[Victim] Phyllis Wetherby testified that on August 18, 2006, she was on the North Side of Pittsburgh helping a friend move out of her residence. Ms. Wetherby was 78 years old. Late that evening, she got into her car to go home to Wilkinsburg, Pennsylvania and began driving home. Because it was hot, she had the driver's side window down. While she was stopped at a traffic light in Wilkinsburg, [Prysock] approached the passenger side of her vehicle. He tried to get in the car but the door was locked. Ms. Wetherby began to roll up her window and ensured that the door was locked. She did not know [Prysock]. [Prysock] then ran around to the driver's side of the car and began to pull down on the window. [Prysock] forcibly reached into the car and opened the driver's side door. [Prysock] pushed Ms. Wetherby out of the driver's seat, breaking her arm. Ms. Wetherby remained inside the car. Ms. Wetherby testified that [Prysock] said he had a gun. [Prysock] got into the car and began driving. He asked Ms. Wetherby where she lived. Fearing for her safety, she told [Prysock] where she lived. [Prysock] drove to her residence and parked her car in a lot across from her residence. [Prysock] escorted Ms. Wetherby to her residence. Once inside the residence, [Prysock] went through her cabinets and desk. He used a napkin as he went through her residence to prevent any fingerprints being left behind. He took a checkbook and a wallet from Ms. Wetherby's person. He found no money in the wallet. He told Ms. Wetherby not to call the police and he left her residence, on foot, with the checkbook. He did not get back into her car. Immediately after the incident, Ms. Wetherby telephoned a friend and told her what happened. She then went to the police station to report what occurred. She selected [Prysock] from a photographic array as the person who forced his way into her car and stole her checkbook. She also went to the hospital[,] where she was diagnosed with a hairline fracture of her arm.

Trial Court Opinion, 1/14/10, at 6-7.

Prysock was charged with robbery of a motor vehicle, robbery – serious bodily injury, aggravated assault and criminal trespass. After a trial before the Honorable Anthony M. Mariani, a jury convicted Prysock of all but

the aggravated assault charge on April 15, 2009. On May 7, 2009, the Commonwealth filed its notice of intent to seek a mandatory minimum sentence of 25 years' incarceration pursuant to the "third strike" provision of 42 Pa.C.S.A. § 9714(a)(2). On May 20, 2009, the court sentenced Prysock to the third-strike mandatory minimum of 25 years to life on the robbery – serious bodily injury conviction and a concurrent term of 10 to 20 years' imprisonment for robbery of a motor vehicle. No further penalty was imposed for criminal trespass. On appeal to this Court, Prysock's judgment of sentence was affirmed and the Supreme Court denied allowance of appeal.

On October 18, 2011, Prysock filed a *pro se* petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA") in which he alleged that he did not qualify for a sentence under the third-strike provision. Counsel was appointed and moved to withdraw; the PCRA court denied relief without a hearing by order dated April 16, 2012. Prysock appealed and, by unpublished memorandum decision, this Court vacated the order of the PCRA court. The case was remanded for further proceedings to determine whether the prior convictions relied upon by the trial court in imposing the third-strike mandatory minimum sentence qualified as crimes of violence, thus permitting the application of the third-strike mandatory minimum under section 9714(a)(2).

On remand, the PCRA court appointed present counsel, Steven Townsend, Esquire, to represent Prysock. At a hearing held on October 23,

2014, the Commonwealth conceded that Prysock was, in fact, only a second-strike offender. After hearing from counsel and Prysock, the court resentenced Prysock to consecutive sentences of 10 to 20 years' imprisonment for robbery of a motor vehicle (the second-strike mandatory minimum pursuant to section 9714) and 5 to 20 years for robbery – serious bodily injury. Prysock did not file post-sentence motions and filed a timely notice of appeal on November 12, 2014. Prysock filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on April 27, 2015, and the court issued its Rule 1925(a) opinion on July 6, 2015.

On appeal, Prysock raises the following claims for our review:

1. The [t]rial [c]ourt abused its discretion when resentencing Mr. Prysock by imposing consecutive sentences that resulted in an unduly harsh and excessive sentence of an aggregate 15 to 40 years, where the court did not balance Mr. Prysock's unique circumstances and rehabilitative needs against the need to protect the public, and instead placed undue emphasis on the need to protect the public, thus the sentence does not meet the objectives of the Sentencing Code as established in § 9721.

2. The sentence imposed was illegal and unconstitutional under **Alleyne** [**v. United States**, 133 S.Ct. 2151 (2013)].

Brief of Appellant, at 6.

Prysock's first claim challenges the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. **Commonwealth v. Swope**, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a challenge, an appellant must comply with the following requirements:

- 4 -

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*, quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Prysock filed a timely notice of appeal and included in his brief a Rule 2119(f) statement in which he asserts that the trial court abused its discretion by imposing consecutive sentences and failing to make an independent finding by a preponderance of the evidence that Prysock had a prior conviction for a crime of violence, as required under section 9714.[3] *See* Brief of Appellant, at 10. However, Prysock failed to properly preserve these claims by either raising them at the sentencing hearing or in a written motion to modify sentence. Moreover, in his Rule 1925(b) statement, Prysock failed to raise a claim regarding the court's application of section

_____

[3] Prysock also alleges that the trial court misapplied the provisions of 42 Pa.C.S.A. § 9714 by imposing a maximum sentence more than double the mandatory 10-year minimum sentence. This claim implicates the legality of Prysock's sentence in that it asserts that the maximum penalty imposed by the trial court exceeded that authorized by the statute. Accordingly, it is not waivable. However, the claim is patently meritless, as the sentence imposed on the robbery of a motor vehicle conviction pursuant to section 9714 was for a term of 10 to 20 years. As such, the maximum sentence was double the mandatory minimum and complied with section 9714.

9714. Accordingly, Prysock's challenges to the discretionary aspects of his sentence are waived. **Swope**, **supra**.

Prysock also asserts that his sentence was illegal and unconstitutional under the U.S. Supreme Court's holding in **Alleyne**. There, the Court held that any fact that increases the mandatory minimum is an element of the crime that must be found by the jury beyond a reasonable doubt. Because the trial court imposed a mandatory minimum sentence based on its finding of a prior conviction, Prysock claims that the sentence is illegal and must be vacated. This claim is without merit.

The Supreme Court in **Alleyne** specifically preserved its prior holding in **Almendarez-Torres v. United States**, 523 U.S. 224 (1998), that the fact of a prior conviction is not required to be submitted to the jury and found beyond a reasonable doubt. **See Commonwealth v. Pennybaker**, 121 A.3d 530, 533-34 (Pa. Super. 2015) ("The **Alleyne** Court explicitly noted that **Almendarez–Torres** remains good law, and is a narrow exception to the holding of **Alleyne**."). Accordingly, because Prysock's sentencing enhancement was based solely upon the fact of a prior conviction, the trial court was not required to submit the issue to the jury and he is entitled to no relief.

Judgment of sentence affirmed.

STABILE, J., joins the memorandum.

FITZGERALD, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/21/2016