J-S62008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD CARROL CLARK | |
| Appellant | No. 58 MDA 2016 |

Appeal from the Judgment of Sentence June 16, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0001094-2013

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 02, 2016**

Gerald Clark appeals from his judgment of sentence following his guilty plea for failure to comply with the registration requirements applicable to sexual offenders and indecent assault.  Clark contends that the court erred by declaring him a sexually violent predator ("SVP").[1]  We affirm.

On January 17, 2014, Clark entered a negotiated plea agreement for a sentence of an aggregate term of six years and three months to fifteen years' imprisonment.  The court continued the sentencing hearing in order for the Pennsylvania Sexual Offenders Board ("Board") to evaluate whether Clark qualified as an SVP under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.10 *et seq*.  Following the

_____

[1] 18 Pa.C.S. §§ 4915.1 and 3126(a)(7), respectively.

Board's assessment, the Commonwealth filed a notice of intention to classify Clark as an SVP.

On June 16, 2014, the court held a classification hearing. The parties stipulated to the qualifications of the Board's examining physician, Dr. Robert Stein, and the results of Dr. Stein's examination. Clark, represented by counsel, did not present any evidence. Based upon this evidence, the Court found that Clark was an SVP.

Clark did not file a direct appeal but did file a timely Post Conviction Relief Act[2] petition alleging that his attorney was ineffective for failing to perfect a timely direct appeal. On December 21, 2015, the court granted Clark's petition and reinstated his direct appeal rights *nunc pro tunc*. Clark then filed a timely notice of appeal, and both Clark and the court complied with Pa.R.A.P. 1925.

Clark raises the following issues in this appeal:

1. Was the evidence insufficient to find [] Clark to be [an SVP]?

2. Was [] Clark's sentence illegal, when he was sentenced to five to ten year for a second failure to register pursuant to Megan's Law when the Supreme Court's holding in **Neiman** made [] Clark's prior failure to register conviction unconstitutional?

3. Was [] Clark's due process rights violated by depriving him of a jury on the issue of whether or not he was [an SVP]?

4. Was [] Clark's due process rights violated by depriving him of proof beyond a reasonable doubt?

---

[2] 42 Pa.C.S. § 9541 *et seq*.

5. Was [] Clark illegally sentenced though the [SVP] section of Megan's Law that is constitutionally vague?

6. Are assessment provisions of Megan's Law, which require that [] Clark give testimony against himself or suffer a negative inference unconstitutional?

Brief For Appellant, at 5.

Clark's first argument requires us to review whether the evidence was sufficient to classify him as an SVP. An SVP is a

person who has been convicted of a sexually violent offense as set forth in [42 Pa.C.S.] section 9799.14 (relating to sexual offenses and tier system)] and who is determined to be a sexually violent predator under [42 Pa.C.S.] section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes a person likely to engage in predatory sexually violent offenses.

42 Pa.C.S. § 9799.12. A "mental abnormality" is "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Id*. "Predatory" conduct is "an act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order to facilitate or support victimization." *Id*. The "salient inquiry for the trial court is the identification of the impetus behind the commission of the crime, coupled with the extent to which the offender is likely to reoffend." *Commonwealth v. Dixon*, 907 A.2d 533, 536 (Pa.Super.2006). However,

- 3 -

the risk of re-offending is but one factor to be considered when making an assessment; it is not an "independent element." ***Commonwealth v. Morgan****,* 16 A.3d 1165, 1170–72 (Pa.Super.2011) (citations omitted).

When the defendant is convicted of an offense listed in 42 Pa.C.S. § 9799.14, the trial court orders the Board to evaluate whether to recommend classifying the defendant as an SVP. ***Commonwealth v. Hollingshead***, 111 A.3d 186, 189 (Pa.Super.2015). The evaluator whom the Board selects to perform the assessment must weigh the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. 42 Pa.C.S.A. § 9799.24(b). It is not necessary for all factors, or any

particular number of them, to be present to support an SVP designation. ***Commonwealth v. Feucht***, 955 A.2d 377, 381 (Pa.Super.2008).

The Board must submit its written assessment to the district attorney, 42 Pa.C.S. § 9799.24(c), who then files a praecipe to schedule an SVP hearing. 42 Pa.C.S. § 9799.24(e)(1). The Commonwealth has the burden at the hearing of proving by clear and convincing evidence that the defendant is an SVP. 42 Pa.C.S. § 9799.24(e)(3). The Commonwealth meets its burden by submitting evidence that is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue." ***Commonwealth v. Meals***, 912 A.2d 213, 219 (Pa.2006).

> Our standard and scope of review is well-settled:
>
> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

***Hollingshead***, 115 A.3d at 189.

Here, Clark's crime of indecent contact for the purpose of arousing sexual desire with a child under the age of 13 is a sexually violent offense under section 9799.14. On multiple occasions in August 2013, Clark lowered the clothing of a 12-year-old female while she was sleeping, and the girl's

mother observed Clark rubbing the girl's naked buttocks. During a forensic interview, the girl indicated that Clark had been touching her "private area" on a nightly basis for approximately one month before being observed by the child's mother. At the time of this crime, Clark was already required to register as a sexual offender due to a sex offense conviction in Maryland in 2003. Charging documents from the Maryland offense included allegations that Clark digitally penetrated the vaginal area of a thirteen-year-old girl.

At the time of the present offense, Clark had a prior conviction on October 21, 2008 under 18 Pa.C.S. § 4915 for failing to register as a sex offender.

The only evidence submitted during the SVP hearing was Dr. Stein's report. Dr. Stein opined that Clark is an SVP based on multiple section 9799.24 factors. Dr. Stein observed that the victim's age (12) and the 31-year age difference between Clark and the victim were consistent with sexual deviance. Clark also had (1) a history of illegal drug use; (2) a history of noncompliance with prior sentences, including one prior failure to register as a sex offender; and (3) a prior sex offense against a young girl in Maryland in 2003. Dr. Stein opined that Clark's history was consistent with a paraphilic disorder, i.e., an intense and persistent sexual interest in other than physically mature, consenting partners whose satisfaction has entailed personal harm to others. This disorder, Dr. Stein concluded, is a lifetime condition which is not curable and overrode emotional/volitional control, and

there is a likelihood that Clark will re-offend in the future if permitted unsupervised contact with young girls. Dr. Stein also determined Clark's multiple acts of sexually touching a minor child served to promote a sexually victimizing relationship and constituted "predatory" behavior under the Act.

Having carefully reviewed the evidence, we agree with the trial court that the Commonwealth provided clear and convincing evidence that Clark is an SVP. Accordingly, Clark's first argument fails.

In his second argument, Clark contends that his 2008 conviction is invalid because the version of Megan's Law then in effect (Megan's Law III) was held unconstitutional in **Commonwealth v. Neiman**, 84 A.3d 603 (Pa.2013). Thus, Clark concludes, his designation as an SVP is invalid because it rests upon his illegal 2008 conviction.

This argument fails because Clark cannot use this appeal to make a collateral attack on his 2008 conviction. "Any collateral attack [on an] underlying conviction must be raised in a petition pursuant to the Post Conviction Relief Act … The PCRA provides the sole means for obtaining collateral review of a judgment of sentence." **Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa.Super.2013).

We will examine Clark's final four arguments together. Clark argues that SORNA is unconstitutional because it deprives him of his right to a jury, deprives him of proof beyond a reasonable doubt, is unconstitutionally vague, and requires him to testify against himself. Pennsylvania courts have

consistently held that a statute may only be found to be unconstitutional if it clearly, palpably, and plainly violates constitutional rights. **Commonwealth v. Pennybacker**, 121 A.3d 530, 533 (Pa.Super.2015). The challenger bears a heavy burden of persuasion to show the statute is unconstitutional, because there is a strong presumption that legislative enactments do not violate the Constitution. **Id**.

SORNA does not violate Clark's constitutional due process rights. Pennsylvania courts have previously held that Megan Law's and SORNA's registration, notification, and counseling requirements are not punitive in nature and are constitutional. **Commonwealth v. Williams**, 832 A.2d 962 (Pa.2003); **Commonwealth v. Perez**, 97 A.3d 747 (Pa.Super.2014). Registration requirements are merely "a collateral consequence of a conviction." **Commonwealth v. Leidig**, 956 A.2d 399, 406 (Pa.2008). Because SORNA does not constitute criminal punishment, it does not require proof beyond a reasonable doubt, entitle Clark to trial by jury, or violate his right against self–incrimination.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/2/2016

- 8 -