J-S94002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GUY C. HAUGHWOUT, SR. | |
| Appellant | No. 2257 MDA 2015 |

Appeal from the Judgment of Sentence October 26, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001537-2014
CP-40-CR-0003790-2013

BEFORE: LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 13, 2017**

Guy C. Haughwout, Sr. appeals from the judgment of sentence, entered in the court of Common Pleas of Luzerne County, following his guilty plea to charges of failure to comply with registration requirements[1] and failure to provide accurate registration information[2] as a sexually violent predator (SVP). Upon review, we vacate the judgment of sentence and remand for resentencing.

Haughwout was convicted of indecent assault in February 2002 and has been classified as an SVP subject to lifetime registration. On September

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915.1(a).

[2] 18 Pa.C.S. § 4915.1(a)(3).

17, 2015, Haughwout pled guilty to failure to provide accurate registration information and failure to comply with registration requirements. The court sentenced him to an aggregate sentence of 11 to 22 years' incarceration on October 26, 2015. Haughwout filed a post-sentence motion, which the court denied on November 18, 2015. Thereafter, Haughwout filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Haughwout raises the following issue for our review:

> Whether section 9718.4 of Title 42 is unconstitutional pursuant to **United States v. Alleyne**[,133 S. Ct. 2151 (2013),] as it requires the trial court to determine by a preponderance of the evidence an additional fact that triggers a mandatory minimum sentence, specifically the length of time the appellant is required to register, which is not encompassed by **Alleyne's** limited "prior conviction" exception?

Brief for Appellant, at 4.

Our standard of review regarding the applicability of a mandatory sentencing provision is as follows:

> Generally, a challenge to the application of a mandatory minimum sentence is a non-waiv[able] challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims regarding the interpretation of a statute. Our standard of review over such questions is de novo and our scope of review is plenary.

**Commonwealth v. Hawkins**, 45 A.3d 1123, 1130 (Pa. Super. 2012).

Haughwout asserts that the trial court erred when it sentenced him to a mandatory minimum sentence as set forth in section 9718.4, arguing that section 9718.4 is unconstitutional following our Supreme Court's ruling in

***Alleyne***.[3]  Specifically, Haughwout argues that section 9718.4 requires the sentencing judge to determine "the length of time a defendant is required to register, which is not encompassed by ***Alleyne's*** limited 'prior conviction' exception."  Brief for Appellant, at 8.

Haughwout's argument was recently raised in ***Commonwealth v. Pennybaker***, 121 A.3d 530 (Pa. Super. 2015), *vacated by* ***Commonwealth v. Pennybaker***, 145 A.3d 720 (Pa. 2016) (per curiam order).  A panel of this Court rejected Pennybaker's argument and determined that the length of registration to which he was subject was capable of objective proof and was essentially the equivalent of a prior conviction.  ***Id.*** at 534; ***see*** ***Commonwealth v. Hale***, 85 A.3d 570, 585 n. 13 (Pa. Super. 2014), *affirmed by* ***Commonwealth v. Hale***, 128 A.3d 781, 786 (Pa. 2015) (imposition of mandatory minimum sentence based on prior conviction is not unconstitutional).

Our Supreme Court granted allowance of appeal in ***Pennybaker*** and, in a per curiam order, vacated this Court's decision and remanded the matter to the trial court "for resentencing without application of 42 Pa.C.S. § 9718.4."  ***Pennybaker***, 145 A.3d 720.  In remanding ***Pennybaker***, the Supreme Court referenced its decisions in ***Commonwealth v. Hopkins***,

---

[3] In ***Alleyne***, the United States Supreme Court held that any fact that increases the mandatory minimum sentence is an "element" of the crime that must be submitted to the jury.

117 A.3d 247 (Pa. 2015) (mandatory minimum sentencing scheme for offenses regarding controlled substance crimes occurring in school zones unconstitutional based upon *Alleyne*) and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016) (mandatory minimum sentencing scheme for involuntary deviate sexual intercourse in 42 Pa.C.S § 9718 unconstitutional based upon *Alleyne*).

Based upon the foregoing, our Court's ruling in *Pennybaker* is no longer sound, and we vacate the judgment of sentence and remand for resentencing without application of section 9718.4.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017