**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Darryl Lamont BLAKNEY, Appellant**

**No. 1885 WDA 2015**

Superior Court of Pennsylvania.

Submitted September 26, 2016

FILED DECEMBER 16, 2016

Charles R. Pass, III, Pittsburgh, for appellant.

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

OPINION BY BENDER, P.J.E.:

Appellant, Darryl Lamont Blakney, appeals *nunc pro tunc* from the judgment of sentence imposed on June 6, 2015, after he pled guilty to various offenses in three separate cases. In one of those cases, (CP–02–CR–0002393, hereinafter "case 2393") Appellant pled guilty to one count of failing to register [1] and was sentenced to a

---

[*] Former Justice specially assigned to the Superior Court.

1. 18 Pa.C.S. § 4915.1(a)(1).

mandatory term of 5 to 10 years' incarceration pursuant to 42 Pa.C.S. § 9718.4(a)(2)(i). On appeal, Appellant maintains that section 9718.4 is unconstitutional under *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 2163, 186 L.Ed.2d 314 (2013), making his sentence in case 2393 illegal. Based on recent decisions by the Pennsylvania Supreme Court, we agree with Appellant. Thus, we vacate his judgment of sentence in case 2393 and remand for resentencing. Because Appellant raises no issue(s) concerning his judgments of sentence imposed in cases CP–02–CR–0002252–2014 and CP–02–CR–0003234–2014, we affirm those judgments of sentence.

The trial court briefly summarized the facts and procedural history underlying Appellant's conviction for failing to register, as follows:

> On June 16, 2014, Appellant pled guilty to Failure to Register with the [Pennsylvania State Police (PSP)]. On August 9, 1995, Appellant had been convicted of Rape in California and was listed as a Tier III lifetime offender. A records check on February 6, 2014 indicated that Appellant last registered with the PSP on September 27, 2013, and that he had absconded from his last address of record. As the above-captioned Failure to Register is Appellant's second [such offense], this [c]ourt sentenced him, pursuant to 42 Pa. C.S. § 9718.4(a)(2)(i), to a mandatory term of five years' incarceration.

Trial Court Opinion, 7/13/16, at 3–4 (citations to the record omitted).

Appellant did not file a notice of appeal, but subsequently filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541–9546, seeking the reinstatement of his post-sentence motion and direct appeal rights. On November 20, 2015, the trial court issued an order granting Appellant's petition. Appellant then filed a *nunc pro tunc* post-sentence motion, which the court denied. Thereafter, he filed a notice of appeal with this Court, as well as a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In his brief to this Court, Appellant raises one issue for our review:

> 1. Whether, with respect to the judgment of sentence at [case 2393], the mandatory minimum sentence provision of 42 Pa.C.S. § 9718.4(a)(2)(i), which requires imposition of a 5–year mandatory minimum sentence of incarceration for violations of 18 Pa.C.S. § []4915.1(a)(1) where the offender was subject to a registration period of 25 years or life, is unconstitutional under *Alleyne ...*, where imposition of that mandatory sentence is based on a fact other than a prior conviction?

Appellant's Brief at 4.

We begin by noting that Appellant's issue implicates the legality of his sentence. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (concluding "that a challenge to a sentence premised on *Alleyne ...* implicates the legality of the sentence and cannot be waived on appeal"). "Issues relating to the legality of a sentence are questions of law," and "[o]ur standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa. Super. 2012) (citation omitted).

Here, Appellant challenges the constitutionality of 42 Pa.C.S. § 9718.4. The relevant provisions of that statute state:

> **(a) Mandatory sentence.**—Mandatory sentencing shall be as follows:
>
> > (2) Sentencing upon conviction for a second or subsequent offense shall be as follows:

(i) Not less than five years for an individual who:

(A) is subject to section 9799.13 and must register for a period of 15 or 25 years or life under section 9799.15 or a similar provision from another jurisdiction; and

(B) violated 18 Pa.C.S. § 4915.1(a)(1) or (2).

\*\*\*

**(b) Proof at sentencing.**—The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

42 Pa.C.S. § 9718.4(a)(2), (b).

Briefly, Appellant argues that section 9718.4 is unconstitutional, in its entirety, in light of two decisions by our Supreme Court, *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016). After careful review, and for the reasons that follow, we agree.

We begin with a brief overview of *Alleyne*, and several decisions issued by this Court in its wake that have essentially obliterated the mandatory minimum sentencing framework in our Commonwealth. In *Alleyne*, the United States Supreme Court held that any fact that, by law, increases the penalty for a crime must be regarded as an element of the offense, and found beyond a reasonable doubt by the fact-finder. *See Alleyne*, 133 S.Ct. at 2163. After *Alleyne*, various mandatory minimum sentencing statutes have been held by this Court to be unconstitutional because they contain a non-severable, 'proof at sentencing' subsection stating that the "[t]he provisions of [the statute] shall not be an element of the crime[,]" and that "the applicability of [the statute] shall be determined at sentencing ... by a preponderance of the evidence." *See, e.g., Newman*, 99 A.3d at 90, 101–102 (holding that the 'proof at sentencing' provision contained in 42 Pa.C.S. § 9712.1 is unconstitutional in light of *Alleyne*, and is not severable from the remainder of the statute).[2]

Additionally, in *Hopkins*, our Supreme Court struck down 18 Pa.C.S. § 6317, a mandatory minimum sentencing statute that also contains the *Alleyne*-offending, 'proof at sentencing' provision. *See Hopkins*, 117 A.3d at 256–62; 18 Pa.C.S. § 6317(a). By doing so, the *Hopkins* Court "vindicated the *en banc Newman* panel's position that unconstitutional terms of a mandatory minimum sentencing statute— including the requirement for operative facts to be determined by a judge at sentencing by a preponderance of the evidence—cannot be severed by the judiciary." *Wolfe*, 140 A.3d at 655 (discussing the holding in *Hopkins* ).

Shortly after *Hopkins* was issued, this Court ruled on the constitutionality of the mandatory minimum sentencing statute presently at issue—*i.e.*, 42 Pa.C.S. § 9718.4. Specifically, in *Commonwealth v. Pennybaker*, 121 A.3d 530 (Pa. Super. 2015), we held that section 9718.4 is *not*

2. *See also Commonwealth v. Bizzel*, 107 A.3d 102 (Pa. Super. 2014) (holding that 18 Pa.C.S. § 6317(b) is unconstitutional); *Common-* wealth v. Valentine, 101 A.3d 801 (Pa. Super. 2014) (holding that 42 Pa.C.S. §§ 9712 and 9713 are unconstitutional).

unconstitutional under *Alleyne*. We reasoned that the 'fact' triggering application of the statute—*i.e.*, the length of the defendant's registration requirement—did not "require[ ] a subjective assessment[,]" but was instead "mechanical and capable of objective proof," thus obviating the "need for the jury to determine the issue." *Id.* at 534. Notably, the *Pennybaker* opinion did not address the impact of the 'proof at sentencing' provision of section 9718.4(b).

Pennybaker ultimately filed a petition for allowance of appeal with our Supreme Court. Before the Court ruled on *Pennybaker*, however, it issued *Wolfe*. There, the Court struck down the mandatory minimum sentencing provision set forth in 42 Pa.C.S. § 9718, which also contains the standard 'proof at sentencing' provision. *See* 42 Pa.C.S. § 9718(c). The *Wolfe* Court reiterated its holding in *Hopkins* that such provisions "plainly and explicitly require judicial fact-finding" and are not severable from the remaining provisions of the sentencing statute. *Wolfe*, 140 A.3d at 660–61, 662–63. Further, the *Wolfe* Court acknowledged that the 'fact' triggering application of section 9718—*i.e.*, the age of the victim—was also an element of the offense for which Wolfe was convicted. *Id.* at 661. However, our Supreme Court agreed with Wolfe that,

> under *Alleyne*, [s]ection 9718 must be treated as creating a "distinct and aggravated crime," *Alleyne*, —— U.S. ——, 133 S.Ct. at 2163; that the statute's directive for judicial fact-finding attaches to that aggravated crime notwithstanding a jury verdict; and that sentencing judges are not free to disregard such explicit legislative mandates by substituting their own procedures. Accordingly, although the jury at [the a]ppellee's trial plainly decided that the victim was under sixteen years of age, the sentencing court was bound to make its own

determination at sentencing, *see* 42 Pa. C.S. § 9718(c), but it could not do so in a manner consistent with the Sixth Amendment to the United States Constitution, on account of *Alleyne*. *See Alleyne*, —— U.S. ——, 133 S.Ct. at 2163–64 (disapproving a judicial finding relative to a mandatory minimum sentence).

*Id.* Accordingly, the *Wolfe* Court held "that [s]ection 9718 is irremediably unconstitutional on its face, non-severable, and void." *Id.* at 663.

Following *Wolfe*, our Supreme Court issued a *per curiam* order vacating this Court's decision in *Pennybaker*, and remanding "for resentencing without application of 42 Pa.C.S. § 9718.4[,]" citing *Hopkins* and *Wolfe* in support. *Commonwealth v. Pennybaker*, 145 A.3d 720 (Pa. 2016) (per curiam order).

In the present case, Appellant argues, and the Commonwealth concedes, that *Wolfe* requires this Court to deem section 9718.4 unconstitutional. We agree. Under not only *Wolfe*, but also *Hopkins*, *Newman*, and our Supreme Court's *per curiam* order in *Pennybaker*, it is clear that the 'proof at sentencing' provision set forth in section 9718.4(b) violates the rule announced in *Alleyne*, and that it is not severable from the remainder of the statute. Therefore, we hold that 42 Pa.C.S. § 9718.4 is unconstitutional in its entirety.

Consequently, Appellant's mandatory minimum sentence imposed in case 2393 is vacated, and we remand for resentencing in that case, without consideration of the mandatory minimum sentence set forth in 42 Pa.C.S. § 9718.4. Because Appellant raises no issue(s) concerning his judgments of sentence imposed in cases CP–02–CR–0002252–2014 and CP–02–CR–0003234–2014, we affirm those judgments of sentence.

Judgment of sentence in CP–02–CR–0002393–2014 vacated. Case remanded for resentencing. Judgments of sentence in CP–02–CR–0002252–2014 and CP–02–CR–0003234–2014 affirmed. Jurisdiction relinquished.