J-S41030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL JOHN KAWALIG | |
| Appellant | No. 1598 MDA 2016 |

Appeal from the Judgment of Sentence May 23, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002106-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                          **FILED JUNE 28, 2017**

Michael Kawalig appeals from his judgment of sentence, entered in the Court of Common Pleas of Luzerne County, following his conviction for two counts of reporting violations under Megan's Law/SORNA.[1]  Upon review, we affirm in part and vacate in part.

Kawalig is a lifetime registrant under SORNA.  Among Kawalig's requirements as a lifetime registrant is the quarterly duty to register his residence, and to notify the Pennsylvania State Police of any change in residence within three business days.  Kawalig has been required to comply

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Megan's Law previously provided for the registration of sexual offenders and was codified at 42 PA.C.S.A. § 9791 *et seq*.  Megan's Law was replaced with the Sexual Offender Registration and Notification Act.  **See** 42 Pa.C.S.A. § 9799.10-9799.41.

with these registration requirements since October of 1999, and until 2015, had never missed a registration deadline. In 2015, the year of the offenses, Kawalig's quarterly registration deadlines fell on April 18, July 18, and October 18, 2015, and January 18, 2016.

On March 30, 2015, Kawalig registered a new address with the Pennsylvania State Police. Kawalig's quarterly registration obligations were not satisfied with his March 30 visit, but he was not told that he had to come back in April to complete his quarterly registration requirement. However, he signed a document stating that he must appear in person within three business days to notify the Pennsylvania State Police of any change in residence. The document also explained that the Pennsylvania State Police would send a letter to Kawalig's registered address shortly before his registration date, and that a failure to receive the letter would not relieve him of his duty to comply with the law. Kawalig had signed documents with similar acknowledgments every time he registered in the past.

A letter was sent to Kawalig on March 31, 2015, reiterating that Kawalig was still required to register with the State Police in April, despite his March 30 visit. The State Police sent an additional letter on April 3, 2015, warning Kawalig that he had to register during the April 8 to April 17 window. Kawalig did not register at any point in April, and on May 14, 2015, the State Police contacted Officer Dion Fernandes, a member of the local Pittston police force, and asked him to investigate Kawalig's noncompliance.

Officer Fernandes was unable to locate Kawalig at his home address, but was able to find him at his work address on May 18, 2015.

At trial, Officer Fernandes testified that, after Kawalig waived his *Miranda*[2] warnings, Kawalig stated that he did not realize that he had to register with the State Police. Kawalig also stated that he had moved to a new address in Wyoming on May 5, 2015. Kawalig did not inform the police of this move, despite his registration requirements. At no point was Kawalig requested to prepare a written statement.

Testifying in his own defense, Kawalig denied that he had ever told Officer Fernandes that he had moved to Wyoming in May. But Kawalig appeared to retract his earlier denial later in the same testimony, stating that he had told Officer Fernandes that he had moved. Kawalig denied receiving any letters that the State Police had sent him, and claimed that he had registered in April, and had the paperwork proving it. No such paperwork was introduced into evidence.

Before closing arguments, the Commonwealth introduced Kawalig's prior conviction for criminal trespass in 2009. Kawalig's counsel requested a charge of ignorance or mistake, which the trial court ultimately denied. Kawalig's counsel did not object. On April 19, 2016, a jury convicted Kawalig of knowingly failing to register quarterly and knowingly failing to

---

[2] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

notify the Pennsylvania State Police of his new address and, on May 23, 2016, he was sentenced to 40 to 80 months' incarceration. Kawalig filed post-sentence motions and, after a hearing on July 25, 2016, the court granted partial relief, reducing his sentence to 36 to 72 months' incarceration pursuant to the mandatory minimum set forth in 42 Pa.C.S.A. § 9718.4(a)(1)(iii). Kawalig filed a timely notice of appeal on September 21, 2016. After an extension of time was granted, Kawalig filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on October 31, 2016. The trial court filed its opinion on December 14, 2016.

Kawalig raises the following issues for our review:

1. Whether the [t]rial [c]ourt erred in denying [Kawalig's] [m]otion for [j]ury [i]nstructions of [m]istake?

2. Whether the [t]rial [c]ourt erred in sentencing . . . [Kawalig] under 42 Pa. C.S.A. §9718.4 creating an illegal sentence.

3. Whether the Commonwealth presented insufficient evidence [to] prove a knowing mens rea and support a [j]ury's finding of guilt.

Brief of Appellant, at 1.

Kawalig first claims that the trial court erred in not giving the jury instructions on the issue of mistake. The applicable rule of criminal procedure provides, in relevant part, that:

(C) No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury.

Pa.R.Crim.P. 647(C). "In order to preserve a claim that a jury instruction was erroneously given, the Appellant must have objected to the charge at trial." *Commonwealth v. Parker*, 104 A.3d 17, 29 (Pa. Super. 2014). The mere submission, and subsequent denial, of proposed points for charge will not suffice. *Commonwealth v. Pressley*, 887 A.2d 220, 225 (Pa. 2005). Instead,

> [t]he pertinent rules . . . require a specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction. Although obligating counsel to take this additional step where a specific point for charge has been rejected may appear counterintuitive, as the requested instruction can be viewed as alerting the trial court to a defendant's substantive legal position, it serves the salutary purpose of affording the court an opportunity to avoid or remediate potential error, thereby eliminating the need for appellate review of an otherwise correctable issue.

*Id.* at 224 (citation omitted).

Here, Kawalig has failed to preserve this claim in the court below. Specifically, when the court noted for the record that Kawalig's request for a charge of ignorance or mistake was denied, counsel did not object. *See* N.T. Trial, 4/19/16, at 93-94. After the charge was delivered to the jury, the trial Court asked both counsel if they had any comments, to which Kawalig's counsel replied "No, Your Honor." *Id.* at 139. Accordingly, we find that Kawalig has waived this claim.

Kawalig next asserts that his sentence under section 9718.4 is illegal. The Commonwealth concedes that decisions by our Court and the Supreme

Court of Pennsylvania, decided after the disposition of Kawalig's post-sentence motions, have rendered Kawalig's sentence illegal.[3]

At the time of Kawalig's post-sentence motion, our decision in *Commonwealth v. Pennybaker*, 121 A.3d 530, 534 (Pa. Super. 2015), held that mandatory minimums were constitutional when sentencing for failure to register under SORNA. However, on allowance of appeal, the Supreme Court of Pennsylvania vacated and remanded to the trial court for resentencing without application of the mandatory minimum, in light of its recent decisions in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016). *See Commonwealth v. Pennybaker*, 145 A.3d 720, (Pa. 2016) (per curiam). Our recent decision in *Commonwealth v. Blakney*, 152 A.3d 1053 (Pa. Super. 2016), held all of section 9718.4 unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), as violating the right to trial by jury. Consequently, Kawalig's mandatory minimum sentence must be vacated. Accordingly, we remand for resentencing, without consideration of the mandatory minimum set forth in section 9718.4.

---

[3] The trial court and Commonwealth alternatively claim that this issue has been waived due to Kawalig's "vague or overly broad" Rule 1925(b) statement. Trial Court Opinion, 12/14/16, at 6; Brief of Appellee, at 13. However, challenges to an illegal sentence can never be waived. *Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa. Super. 2003).

Finally, Kawalig claims that there was insufficient evidence to support a finding that he possessed the required mens rea. Our standard of review upon a challenge to the sufficiency of the evidence is well settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001), quoting *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000) (citations and quotation marks omitted).

In this case, Kawalig was convicted of two crimes: (1) knowingly failing to register quarterly, and (2) knowingly failing to notify the Pennsylvania State Police of his new address.[4] In order to convict Kawalig of

---

[4] 18 Pa.C.S.A. § 4915.1(a)(1 and 2).

these crimes, the jury must have determined that Kawalig acted knowingly. "Knowingly" is defined in our Crimes Code as follows:

> (2) A person acts knowingly with respect to a material element of an offense when:
>
>> (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist.

18 Pa.C.S. § 302(b)(2)(i). Our Court has interpreted this provision to mean that "a person 'knows' . . . if he is 'aware' of [a] fact." ***Commonwealth v. Robinson***, 128 A.3d 261, 265 (Pa. Super. 2015), citing 18 Pa.C.S.A. § 302(b)(2)(i).

Upon review of the record and viewing all evidence in a light most favorable to the Commonwealth, ***Distefano***, ***supra***, we find that, on both counts, there was sufficient evidence to support a finding that Kawalig knowingly failed to register. The State Police sent Kawalig two letters notifying him about his upcoming registration date. Even if Kawalig did not receive these letters, he had previously signed documents acknowledging that his failure to receive the letter did not relieve him of his obligation to register. In addition, Kawalig had been subject to Megan's Law/SORNA registration requirements since 1999, therefore, he had knowledge of his registration requirements and the process for registration.

Kawalig's main evidence at trial was his own testimony claiming that he believed his March 30, 2015, visit satisfied the quarterly registration requirement. However, the jury was free to believe all, part or none of his

testimony. ***Commonwealth v. Harper***, 485 Pa. 572, 576-77 (Pa. 1979). Moreover, the Commonwealth provided evidence to discredit Kawalig's testimony. On cross-examination, Kawalig was inconsistent in denying and then admitting that he had spoken to Officer Fernandes on May 18, 2015 about his move earlier that month. Additionally, while he claimed that he had documents proving that he actually had registered in April, he did not present this evidence. The Commonwealth further discredited him by introducing a criminal trespass conviction from 2009. Therefore, we find that there was sufficient evidence to allow a jury to conclude beyond a reasonable doubt that, on both counts, Kawalig knowingly failed to register.

In conclusion, Kawalig's claim of error in jury instructions has been waived, and there was sufficient evidence to support a finding that he knowingly failed to meet his registration requirements. Because of our recent decision in ***Blakney***, we find his sentence under section 9718.4 to be illegal, and remand the case for resentencing.

Affirmed in part and vacated in part. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2017