J-S58016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARCUS ANTHONY RUTTER, | |
| Appellant | No. 1995 MDA 2016 |

Appeal from the Judgment of Sentence July 29, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000287-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:               **FILED OCTOBER 23, 2017**

Appellant, Marcus Anthony Rutter, appeals from the judgment of sentence entered on July 29, 2016, in the Lancaster County Court of Common Pleas. After careful review, we vacate and remand for resentencing.

In an opinion filed on November 3, 2016, the trial court provided a thorough recitation of the facts in this case, and, therefore, we need not restate them here. *See* Trial Court Opinion, 11/3/16, at 12-16. To briefly summarize, however, in the early morning of December 15, 2014, Appellant, who was sixteen years old at the time, and an accomplice, burglarized the home of a thirty-two year old woman. Appellant and his accomplice sexually assaulted and brutally beat, stabbed, and strangled the victim until she died.

On December 16, 2014, the Commonwealth charged Appellant with criminal homicide, burglary, criminal conspiracy to commit burglary, and robbery.[1] On January 9, 2015, the Commonwealth amended the criminal complaint to include charges of involuntary deviate sexual intercourse,[2] receiving stolen property, theft by unlawful taking, and access device fraud.[3]

On July 11, 2016, Appellant entered an open guilty plea to first-degree murder, conspiracy to commit murder, burglary, robbery, receiving stolen property, and access device fraud. N.T., Guilty Plea, 7/11/16, at 36. In exchange for pleading guilty, the Commonwealth withdrew the charges of theft by unlawful taking and involuntary deviate sexual intercourse; the charge of conspiracy to commit burglary was replaced with conspiracy to commit murder. The Commonwealth agreed that it would not seek a sentence of life without parole, but it was also agreed that the sentences on each count would be served consecutively. N.T., Guilty Plea, 7/11/16, at 3-5.

On July 29, 2016, the trial court sentenced Appellant as follows: thirty-five to seventy years of incarceration for the murder conviction; ten to

---

[1] 18 Pa.C.S. § 2501(a), 18 Pa.C.S. § 3502(a)(1), 18 Pa.C.S. § 903, and 18 Pa.C.S. § 3701(a)(1)(iv), respectively.

[2] Forensic evidence revealed that the victim had been anally penetrated. N.T., Sentencing, 7/29/16, at 4-5.

[3] 18 Pa.C.S. § 3123(a)(1), 18 Pa.C.S. § 3925(a), 18 Pa.C.S. § 3921(a), and 18 Pa.C.S. § 4106(a)(1)(i), respectively.

twenty years of incarceration for conspiracy; five and one-half to eleven years of incarceration for robbery; two to four years of incarceration for burglary; nine to twenty-four months of incarceration for receiving stolen property; and nine to twenty-four months of incarceration for access device fraud. N.T., Sentencing, 7/29/16, at 156-158. The sentences for were ordered to run consecutively. *Id.* at 158. This resulted in an aggregated sentence of fifty-four to 109 years of incarceration.

Appellant filed a post-sentence motion asking the trial court to reconsider and modify the sentence. The trial court denied Appellant's post-sentence motion on November 3, 2016, and this timely appeal followed.

On appeal, Appellant raises the following issues for this Court's consideration:

> I. Is the aggregate sentence of the trial court the functional equivalent of a life sentence, affording [Appellant] no meaningful opportunity for release, and a violation of the Eighth and Fourteenth Amendments to the United States Constitution?
>
> II. Was the trial court's imposition of what amounts to a de facto life sentence a violation of the agreement of the parties that the court could not impose a sentence of life without parole?
>
> III. Did the trial court erred in finding that [Appellant] was "irretrievably depraved, irreparably corrupt, and permanently incorrigible," where this finding was not supported by competent evidence of record or any expert witness, the finding was improperly based on shifting the burden of proof to [Appellant] to prove that he would not engage in future criminal conduct, and the finding was used to justify a de facto life sentence, despite the court's contradictory finding that [Appellant] "possesses the capacity for change"?

IV. In imposing sentence, did the trial court rely on numerous erroneous findings of fact which were unsupported, or contradicted, by the record, including errors of fact in applying the *Miller*[ *v. Alabama, 567 U.S. 460 (2012)*] youth factors and in considering the factors set forth in 18 Pa.C.S. §1102.1, and did the court's reliance on these erroneous findings of fact in imposing sentence demonstrate the court's bias, and was it an abuse of the court's discretion in imposing sentence?

V. Was the aggregate sentence of 54 to 109 years so manifestly excessive as to constitute too severe a punishment, and clearly unreasonable under the circumstances; further, did the trial court focus exclusively on the nature of the offenses, despite the clear dictates of *Roper*, *Miller and Montgomery*,[4] that the nature of the offense cannot be permitted to overshadow the possibility of rehabilitation in cases of juvenile offenders?

Appellant's Brief at 7-8.

In Appellant's first two issues, he argues that his sentence violated the plea agreement as it was a *de facto* life sentence and was also an illegal sentence in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012). Appellant's Brief at 16. A challenge to the legality of a sentence is a question of law, and our standard

---

[4] ***Roper v. Simmons***, 543 U.S. 551 (2005) (holding that the Eighth Amendment to the United States Constitution prohibits the death penalty for a crime committed by a juvenile); ***Miller v. Alabama***, 567 U.S. 460 (2012) (concluding that mandatory sentences of life without parole for juveniles violates the Eighth Amendment's prohibition on cruel and unusual punishment); ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718 (2016) (finding that the ***Miller*** announced a new substantive rule of constitutional law that applies retroactively and clarifying the limited circumstances in which a sentence of life without parole is permissible for a crime committed by a juvenile).

of review is *de novo* while our scope of review is plenary. ***Commonwealth v. Blakney***, 152 A.3d 1053, 1054 (Pa. Super. 2016).

In ***Miller***, the Supreme Court of the United States held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Miller***, 567 U.S. at 465. However, ***Miller*** did not provide a blanket prohibition on life sentences for juveniles. The Supreme Court in ***Miller*** required the sentencing court to first "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." ***Id.*** at 480. The Supreme Court also recognized that certain juvenile offenders may exhibit such irretrievable depravity that rehabilitation is impossible, and life without parole is warranted. ***Id.*** The factors a sentencing court must consider in determining whether to impose a sentence of life without the possibility of parole are as follows:

> (1) The impact of the offense on each victim, including oral and written victim impact statements made or submitted by family members of the victim detailing the physical, psychological and economic effects of the crime on the victim and the victim's family. A victim impact statement may include comment on the sentence of the defendant.
>
> (2) The impact of the offense on the community.
>
> (3) The threat to the safety of the public or any individual posed by the defendant.
>
> (4) The nature and circumstances of the offense committed by the defendant.

(5) The degree of the defendant's culpability.

(6) Guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing.

(7) Age-related characteristics of the defendant, including:

   (i) Age.

   (ii) Mental capacity.

   (iii) Maturity.

   (iv) The degree of criminal sophistication exhibited by the defendant.

   (v) The nature and extent of any prior delinquent or criminal history, including the success or failure of any previous attempts by the court to rehabilitate the defendant.

   (vi) Probation or institutional reports.

   (vii) Other relevant factors.

18 Pa.C.S. § 1102.1(d); *see also Commonwealth v. Batts*, 163 A.3d 410, 421 n.5 (Pa. 2017) (providing that at a minimum, the trial court should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his

attorney, his mental health history, and his potential for rehabilitation) (citations omitted).

Appellant concedes that the trial court did not impose a life sentence; rather, he claims he received a *de facto* life sentence because he has "no meaningful opportunity for release." Appellant's Brief at 17. This, he avers, renders the sentence illegal. *Id.* We disagree.

The relevant statute provides that "A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, **the minimum of which shall be at least 35 years to life**." 18 Pa.C.S. § 1102.1(a)(1) (emphasis added). The trial court sentenced Appellant to the minimum legal term of thirty-five years of incarceration for his murder conviction. 18 Pa.C.S. § 1102.1(a)(1). Clearly, the trial court followed the plea agreement and did not impose a mandatory life sentence without the possibility of parole for the murder conviction.

Nevertheless, Appellant argues that he will be seventy years old at the time he is first eligible for parole, rendering the sentence a life sentence. Appellant's Brief at 17. We reject Appellant's argument on several bases. First, the plea agreement did not impact the legality of Appellant's sentence because the acceptance or rejection of a plea agreement is left to the discretion of the trial court. *Commonwealth v. Hudson*, 820 A.2d 720, 727-728 (Pa. Super. 2003) (citations and quotation marks omitted).

Second, had Appellant committed only the murder, his minimum sentence of thirty-five years would have provided him an opportunity for parole at age fifty-one. Indeed, it was Appellant's decision to engage in numerous additional crimes the night he murdered the victim that increased his minimum sentence, and that increase was due only to the sentences running consecutively. This in no way involves the legality of Appellant's minimum sentence for murder. Rather, the duration of the minimum aggregate sentence is due to Appellant's sentences running consecutively and implicates only the discretionary aspects of his sentence, not its legality.[5] Appellant's minimum sentence of thirty-five years for the murder conviction was a legal sentence, and it comported with the plea agreement.[6]

In his third and fourth issues on appeal, Appellant continues to argue that he received an illegal *de facto* life sentence without parole. He argues that this was error because the trial court failed to properly weigh the factors that must be considered when a juvenile is given a sentence of life without parole under **Miller**, **Batts**, and 18 Pa.C.S. § 1102.1(d). Appellant's Brief at

---

[5] **See Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010) (appellant's claim that imposition of consecutive sentences was excessive was a challenge to the discretionary aspects of his sentence).

[6] As set forth by the trial court in its recitation of the facts and procedural history, Appellant's guilty plea contained an agreement that the Commonwealth would not pursue a minimum sentence of life without parole, but the sentences for each crime would be served consecutively. Trial Court Opinion, 11/3/16, at 15 (citing N.T., Guilty Plea Colloquy, 7/11/16, at 3).

30-54. However, we reiterate that the trial court did not impose a sentence of life in prison without the possibility of parole for the murder conviction. Indeed, the trial court imposed the lowest permissible minimum sentence for a juvenile over the age of fifteen for the crime of murder in the first degree. 18 Pa.C.S. § 1102.1(a)(1). Again, we note the portion of Appellant's aggregated minimum sentence that is beyond the thirty-five-year minimum term for the murder was due to Appellant's sentences for other crimes and the trial court's discretion, in accordance with the plea agreement, to run those additional terms of incarceration consecutively. Thus, once more, Appellant's claim of error is not an issue of legality of the murder sentence, it is a challenge to the discretionary aspects of his aggregated sentence.

For the reasons set forth above, there was no error in the imposition of a minimum sentence of thirty-five years for the murder conviction. However, we are constrained to point out that Appellant's maximum sentence of seventy years for the murder conviction was imposed with no legal authority, and if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. *Commonwealth v. Martinez*, 141 A.3d 485, 487 (Pa. Super. 2016). This Court may raise and review an illegal sentence *sua sponte*. *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011).

Under 18 Pa.C.S. § 1102.1(a)(1), an individual between the ages of fifteen and seventeen who was convicted of first-degree murder after June 24, 2012, must be sentenced to a maximum term of life imprisonment. **Commonwealth v. Seskey**, ___ A.3d ___, ___, 2017 PA Super 278, at *3 (Pa. Super. 2017) (citing 18 Pa.C.S. § 1102.1(a)(1) (emphasis added)).  A maximum sentence of seventy years is not a permissible sentence under the statute, and it is therefore, illegal; the minimum legal sentence the trial court was permitted to impose for the murder conviction was a term of thirty-five years to life.  18 Pa.C.S. § 1102.1(a)(1).

It is well settled that this Court has the option of amending a sentence directly; however, if the correction may upset the sentencing scheme, the better practice is to remand to the trial court for resentencing. **Commonwealth v. Phillips**, 946 A.2d 103, 115 (Pa. Super. 2008).  As our remand may upset the trial court's sentencing scheme, we vacate Appellant's judgment of sentence in its entirety, and we remand for resentencing.[7]

For the reasons set forth above, we are constrained to vacate Appellant's judgment of sentence and remand for resentencing.  On remand,

---

[7] In light of our disposition in which we have remanded this matter for resentencing on all counts, we do not reach Appellant's challenge to the discretionary aspects of his sentence raised in his fifth issue.

the sentence imposed on Appellant's murder conviction shall comport with 18 Pa.C.S. § 1102.1(a)(1) and our decision in **Seskey**.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2017