J-S18003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM ELSWORTH HUGHES, JR. | |
| Appellant | No. 559 WDA 2017 |

Appeal from the Judgment of Sentence entered November 7, 2016
In the Court of Common Pleas of Blair County
Criminal Division at No.: 0001692-2015

BEFORE:  STABILE, MUSMANNO, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 16, 2018**

Appellant, William Elsworth Hughes, Jr., appeals from the November 7, 2016 judgment of sentence imposing a mandatory five to ten year sentence for failure to register under 18 Pa.C.S.A. § 4915.1(a)(1).[1]  We vacate and remand for resentencing.

---

[1]  That section provides:

> **(a) Offense defined.--**An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:
>
> > (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police)

18 Pa.C.S.A. § 4915.1(a)(1).

Appellant was convicted of rape in Maryland in 2004 and, upon his move to Pennsylvania in 2005, was subject to the lifetime reporting and notification requirements of Pennsylvania's Megan's Law III.  N.T. Trial, 2/24/16, at 36; Commonwealth Exhibit 1.  At trial, the Commonwealth established that Appellant missed his periodic registration deadline of July 7, 2015, thus resulting in this prosecution.  N.T. Trial, 2/24/16, at 47-48.  At the conclusion of trial, the jury found Appellant guilty as charged.  The trial court imposed a mandatory sentence of five to ten years of incarceration pursuant to 42 Pa.C.S.A. § 9718.4(a)(2)(i).[2]

---

[2]  That section provides:

> **(a)** **Mandatory sentence.—**Mandatory sentencing shall be as follows:
>
> […]
>
> (2)  Sentencing upon conviction for a first offense shall be as follows:
>
> […]
>
> (i)  Not less than five years for an individual who:
>
> > (A)  is subject to section 9799.13 and must register for a period of 25 years or life under section 9799.15 or a similar provision from another jurisdiction; and
> >
> > (B)  violated 18 Pa.C.S. § 4915.1(a)(3).

42 Pa.C.S.A. § 9718.4(a)(2)(i).

In his first argument on appeal, Appellant claims, correctly, that his five-year mandatory minimum sentence is illegal. In **Commonwealth v. Blakney**, 152 A.3d 1053 (Pa. Super. 2016), this Court held § 9781.4 to be unconstitutional pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013), because its application of a mandatory minimum sentence depends upon a fact (the length of the reporting requirement) that is not submitted to a jury and proven beyond a reasonable doubt. **Blakney** is controlling here. The Commonwealth concedes as much. Commonwealth's Brief at 4-5. We will vacate the judgment of sentence under **Blakney** and remand for further proceedings in accordance with this memorandum.

Appellant also argues that we must vacate his conviction under § 4915.1 based on **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), in which our Supreme Court held that the reporting and registrations requirements under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.S.C.A. § 9799.10, *et seq.* are punitive and that their retroactive application to offenses committed prior to SORNA's effective date (December 20, 2012) violates the *ex post facto* clause of the United States Constitution. U.S. Const. art. 1, § 10 (No State shall […] pass any ex post facto law."). The **Muniz** Court considered whether SORNA was unconstitutional as applied to a defendant subjected to an increased registration period under SORNA. **Id.** at 1192-93. Muniz was convicted of indecent assault in 2007 and subject to a ten-year registration requirement pursuant to then-extant Megan's Law III

(42 Pa.C.S.A. § 9795.1 *et seq.* (expired)). *Id.* at 1193. Muniz absconded prior to sentencing. In 2014, he was apprehended, sentenced, and subjected to a lifetime reporting requirement under SORNA. *Id.* In summary, the Supreme Court concluded that SORNA's notification and registration requirements were punitive rather than civil, and that SORNA was unconstitutional as applied to Muniz because it increased the punishment for indecent assault after he committed the offense.

Appellant claims that SORNA is unconstitutional in its entirety, and that his conviction cannot stand "because since December 20, 2012, there is no applicable statutory mechanism which can impose registration obligations upon a person whose underlying sexual offense occurred prior to [that date]." Appellant's Brief at 10. Appellant's argument rests on an overly broad misreading of *Muniz*. *Muniz* held that SORNA was unconstitutional **as applied** to Muniz because it increased his registration requirement from ten years to life. SORNA did not change Appellant's reporting period, as he was subject to lifetime reporting prior to the enactment of SORNA. The *Muniz* Court did not hold that SORNA was unconstitutional and unenforceable in all circumstances.

In its brief, the Commonwealth cites *Commonwealth v. Derhammer*, 173 A.3d 723 (Pa. 2017) as well as *Muniz*, and defers to this Court's discretion in discerning their application here. Commonwealth's Brief at 6-7. In *Derhammer*, the defendant failed to timely report a change of address in

early April 2009 in accordance with 18 Pa.C.S.A. § 4915, the predecessor to current § 4915.1. Derhammer was convicted in 2011, but awarded a new trial due to a faulty waiver colloquy. Subsequently Megan's Law III expired and was replaced by SORNA, and our Supreme Court, in **Commonwealth v. Nieman**, 84 A.3d 603 (Pa. 2013) held that Megan's Law III was unconstitutional in its entirety because it was included in a bill that violated the single subject rule. Thus, former § 4915 was not constitutionally enforceable at the time of Derhammer's 2009 offense. Well-settled law establishes that "a conviction based on an unconstitutional statute is a nullity." **Id.** at 728. The Commonwealth argued that the conviction was salvageable under an amendment to Megan's Law III that post-dated Derhammer's offense and/or the continued applicability of Megan's Law II, which the successor statute did not repeal. The Supreme Court rejected both arguments. The Court also noted that current § 4915.1 expanded the time for reporting an address change, and Derhammer's report would have been timely under that section. **Id.** at 730-31. When the General Assembly "*removes the State's condemnation* from conduct formerly deemed criminal," dismissal of the charge is required. **Id.** at 731 (quoting **Bell v. Maryland**, 378 U.S. 226 (1964)) (emphasis added in **Derhammer**).

**Derhammer** is distinguishable because the offense at issue occurred in 2009 under a statute that was later ruled unconstitutional in **Nieman**. The instant offense took place in 2015, when SORNA was applicable. **Derhammer**

is pertinent insofar as it post-dates *Muniz* and it relied on § 4915.1 to hold that the General Assembly removed the condemnation of the more restrictive deadline that existed under prior law. This reinforces the point that *Muniz* did not render § 4915.1 unenforceable.

For his third and final argument, Appellant claims the trial court erred in denying his pre-trial motion in limine and permitting the prosecution to refer to "Megan's Law" during trial within the jury's hearing. Appellant cite no law for this proposition, not does he explain how reference to "Megan's Law" was prejudicial to him given that the jury clearly was aware he was a sexual offender. We discern no merit in this argument.

In conclusion, we advise both parties that developments in the law following landmark cases such as *Muniz* should be based on thorough advocacy from the parties and reasoned decisions from the trial court. Appellant's brief provided this Court with an overview of *Muniz*, but provided little in the way of that case's application to the specific circumstances of this case. Appellant's brief appears to use slightly varied fonts and font sizes, and we wonder whether portions of it were cut and pasted from other documents. The Commonwealth, for its part, simply cited *Muniz* and *Derhammer* and deferred to this Court's discretion. Deferring to this court's discretion is not advocacy. Likewise, the trial court filed only a two-page document noting that the record and the applicable statutes speak for themselves, and referred to

its prior opinion regarding Appellant's pre-trial motion that did not address Appellant's SORNA argument. Order, 9/18/17.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2018