J-A19015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES COREY GLEASON | : | |
| | : | |
| Appellant | : | No. 1561 MDA 2017 |

Appeal from the Judgment of Sentence Entered September 13, 2017
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s):  CP-66-CR-0000185-2017

BEFORE:  GANTMAN, P.J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED AUGUST 09, 2018**

Appellant, James Corey Gleason, appeals from the judgment of sentence entered in the Wyoming County Court of Common Pleas, following his open guilty plea to failure to comply with the sex offender registration requirements (18 Pa.C.S.A. § 4915.1(a)(2)).  On August 4, 2017, Appellant pled guilty to failure to comply with the registration requirements, based on Appellant's failure to update his address with the Pennsylvania State Police between April 1-18, 2017.  The court sentenced him on September 13, 2017, to 24 to 84 months' imprisonment, which included a mandatory minimum under 42 Pa.C.S.A. § 9718.4(a)(1)(i) (requiring mandatory minimum of not less than two years' imprisonment for individual who is subject to 15-year sex offender registration period and who failed to comply with registration requirements).  Appellant orally objected to imposition of the mandatory minimum and filed a

written post-sentence motion that day challenging the legality of the mandatory minimum sentence. The next day, the court denied Appellant's post-sentence motion. Appellant timely filed a notice of appeal on October 11, 2017. On October 16, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied.

On appeal, Appellant challenges the legality of his mandatory minimum sentence under, *inter alia*, **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact that increases mandatory minimum sentence for crime is considered element of crime for fact-finder to find beyond reasonable doubt) and **Commonwealth v. Blakney**, 152 A.3d 1053 (Pa.Super. 2016) (holding Section 9718.4, which contains non-severable "proof at sentencing" provision that permits court to decide facts triggering application of statute by preponderance of evidence, is unconstitutional).[1]

Instantly, the court imposed a mandatory minimum sentence under Section 9718.4. The Commonwealth agrees Appellant is entitled to sentencing relief under **Alleyne** and its progeny.[2] Given the parties' agreement, we

---

[1] **See also Commonwealth v. Pennybaker**, 636 Pa. 506, 145 A.3d 720 (2016) (*per curiam*) (vacating and remanding for resentencing without imposition of mandatory minimum per Section 9718.4).

[2] We acknowledge our Supreme Court's recent decision in **Commonwealth v. Resto**, ___ Pa. ___, 179 A.3d 18 (2018) (holding mandatory minimum under 42 Pa.C.S.A. § 9718(a)(3) does not run afoul **Alleyne** because it

affirm Appellant's conviction but vacate and remand for resentencing without the imposition of the mandatory minimum sentence under Section 9718.4.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2018

---

imposes mandatory minimum sentence solely based on conviction for enumerated crime and requires no additional fact-finding at sentencing). As *Resto* does not involve the precise sentencing statute at issue here, and in light of the parties' agreement on resentencing, we distinguish *Resto* as non-controlling.