2019 PA Super 23

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | | |
| v. | | |
| JOHN ALEXANDER FINNEGAN, | | |
| Appellant | | No. 648 WDA 2018 |

Appeal from the Judgment of Sentence Entered March 13, 2018
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000395-2017

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

OPINION BY BENDER, P.J.E.:                    FILED FEBRUARY 1, 2019

Appellant, John Alexander Finnegan, appeals from the aggregate judgment of sentence of 24 to 48 months' incarceration, imposed after he pled guilty to manufacturing a controlled substance (Methamphetamine), 35 P.S. § 780-113(a)(30), and recklessly endangering another person, 18 Pa.C.S. § 2705.  Appellant solely challenges the legality of a mandatory minimum sentence imposed in his case pursuant to 35 P.S. § 780-113(k).  After careful review, we affirm.

The facts underlying Appellant's convictions are not pertinent to the issue he raises on appeal.  He pled guilty to the above-stated offenses on January 25, 2018, and was sentenced to the aggregate term stated supra on March 13, 2018.  Appellant thereafter filed a timely motion for reconsideration of his sentence, which the trial court denied.  He then filed a timely notice of

appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court issued an opinion on May 30, 2018.

Herein, Appellant presents the following issue for our review:

I.      Whether the [t]rial [c]ourt erred in denying [] Appellant's Motion for Reconsideration of sentence wherein [] Appellant submit[ted] that his mandatory sentence of 24 to 48 months was in contradiction to the Supreme Court's holding in Commonwealth v. D[i]Matteo, 177 A.3d 182 ([Pa.] 2018)[,] as his sentence under 35 P.S. § 780-113(A)(30)(K) required judicial fact[-]finding?

Appellant's Brief at 4.

Appellant argues that his mandatory-minimum sentence is invalid, as the court's imposing it required judicial fact-finding in contravention of Alleyne v. United States, 133 S.Ct. 2151 (2013), and our Supreme Court's decision in DiMatteo. For the following reasons, we disagree.

> In Alleyne, the United States Supreme Court held that any fact that, by law, increases the penalty for a crime must be regarded as an element of the offense, and found beyond a reasonable doubt by the fact-finder. See Alleyne, 133 S.Ct. at 2163. After Alleyne, various mandatory minimum sentencing statutes have been held by this Court to be unconstitutional because they contain a non-severable, 'proof at sentencing' subsection stating that the "[t]he provisions of [the statute] shall not be an element of the crime[,]" and that "the applicability of [the statute] shall be determined at sentencing … by a preponderance of the evidence." See, e.g., [Commonwealth v.] Newman, 99 A.3d [86,] 90, 101–102 [(Pa. Super. 2014) (en banc)] (holding that the 'proof at sentencing' provision contained in 42 Pa.C.S. § 9712.1 is unconstitutional in light of Alleyne, and is not severable from the remainder of the statute).

\* \* \*

[Additionally, in Commonwealth v. Wolfe, 140 A.3d 651 (Pa. 2016),] the [Pennsylvania Supreme] Court struck down the mandatory minimum sentencing provision set forth in 42 Pa.C.S. § 9718, which also contains the standard 'proof at sentencing' provision. See 42 Pa.C.S. § 9718(c). The Wolfe Court reiterated its holding in [Commonwealth v.] Hopkins[, 117 A.3d 247 (Pa. 2015),] that such provisions "plainly and explicitly require judicial fact-finding" and are not severable from the remaining provisions of the sentencing statute. Wolfe, 140 A.3d at 660–61, 662–63. Further, the Wolfe Court acknowledged that the 'fact' triggering application of section 9718—i.e., the age of the victim—was also an element of the offense for which Wolfe was convicted. Id. at 661. However, our Supreme Court agreed with Wolfe that,

> under Alleyne, [s]ection 9718 must be treated as creating a "distinct and aggravated crime," Alleyne, … 133 S.Ct. at 2163; that the statute's directive for judicial fact-finding attaches to that aggravated crime notwithstanding a jury verdict; and that sentencing judges are not free to disregard such explicit legislative mandates by substituting their own procedures. Accordingly, although the jury at [the a]ppellee's trial plainly decided that the victim was under sixteen years of age, the sentencing court was bound to make its own determination at sentencing, see 42 Pa.C.S. § 9718(c), but it could not do so in a manner consistent with the Sixth Amendment to the United States Constitution, on account of Alleyne. See Alleyne, … 133 S.Ct. at 2163–64 (disapproving a judicial finding relative to a mandatory minimum sentence).

Id. Accordingly, the Wolfe Court held "that [s]ection 9718 is irremediably unconstitutional on its face, non-severable, and void." Id. at 663.

Commonwealth v. Blakney, 152 A.3d 1053, 1055–56 (Pa. Super. 2016) (footnote omitted).

Following Wolfe, our Supreme Court granted allowance of appeal in DiMatteo "to assess what relief, if any, a criminal defendant is entitled to when he raises an illegal sentencing challenge premised on Alleyne … in a timely petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-

9546, when, at the time Alleyne was decided, the defendant's judgment of sentence was not yet final." DiMatteo, 177 A.3d at 183. Notably, the parties did not dispute that the mandatory-minimum sentencing statute under which DiMatteo's sentence had been imposed - 18 Pa.C.S. § 7508 - was "unconstitutional and illegal ... in light of Alleyne and its Pennsylvania progeny." Id. at 191 (citing, inter alia, Wolfe, 140 A.3d at 660-61).[1] Similar to every other mandatory-sentencing statute struck down in this Commonwealth following Alleyne, "[s]ection 7508 specifies that its provisions 'shall not be an element of the crime[,]' the application of the sentence 'shall be determined at sentencing[,]' and the factual determinations necessary to impose the sentence are to be found by the sentencing court by a preponderance of the evidence." Id. at 183-84 (quoting 18 Pa.C.S. § 7508(b)).

In the case sub judice, Appellant contends that the statute under which his mandatory-minimum sentence was imposed is unconstitutional under Alleyne, Wolfe, and DiMatteo. That statute reads:

> (k) Any person convicted of manufacture of amphetamine, its salts, optical isomers and salts of its optical isomers; methamphetamine, its salts, isomers and salts of isomers; or phenylacetone and phenyl-2-proponone shall be sentenced to at least two years of total confinement without probation, parole or work release, notwithstanding any other provision of this act or other statute to the contrary.

_____

[1] Section 7508 "prescribes various mandatory minimum sentences for certain violations of The Controlled Substance, Drug, Device and Cosmetic Act ... predicated on the weight and classification of the controlled substance." DiMatteo, 177 A.3d at 183.

35 P.S. § 780-113(k).  According to Appellant,

> [t]hough the ruling in DiMatteo did not apply to the statute [pursuant to which] [] Appellant was sentenced…, [] Appellant would note that said statute still requires judicial fact-finding, which the DiMatteo Court deemed unconstitutional pursuant to Wolfe; more specifically, the [t]rial [c]ourt in implementing the mandatory sentence of two years to which [] Appellant was sentenced [was required to] determine [that] [] Appellant was convicted of manufacturing one of the following: "amphetamine, its salts, optical isomers and salts of its optical isomers; methamphetamine, its salts, isomers and salts of isomers; or phenylacetone and phenyl-2-propane[;"] hence, judicial fact-finding [was] required to implement the mandatory sentence of two years, which is unconstitutional per DiMatteo and Wolfe.

Appellant's Brief at 9.

Appellant's argument is unconvincing.  Notably, section 780-113(k) does not contain the Alleyne-offending language present in the statutes addressed in Wolfe and DiMatteo.  Additionally, Appellant pled guilty to manufacturing a controlled substance under section 780-113(a)(30), which reads:

> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30) (emphasis added).  Thus, an element of this offense is that the person manufactured, delivered, or possessed with the intent to deliver, a controlled substance.  To prove that element, the Commonwealth must necessarily establish what substance the person possessed, in order to

demonstrate that it is a 'controlled substance' as defined by section 780-104 (Schedules of controlled substances).

Accordingly, it is not the sentencing court that makes a factual finding regarding what specific controlled substance(s) the defendant possessed for purposes of applying section 780-113(k). Instead, that determination is a component of proving the 'controlled substance' element of section 780-113(a)(30). The present case is illustrative of this point, as Appellant pled guilty to manufacturing the specific controlled substance of methamphetamine; thus, it was his plea that triggered application of section 780-113(k), not any factual finding by the sentencing court. See N.T. Plea Proceeding, 1/25/17, at 16-17. Therefore, Appellant's mandatory-minimum sentence under section 780-113(k) does not violate Alleyne.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/2019

- 6 -