J-S38043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL R. FORBES | : | |
| | : | |
| Appellant | : | No. 1535 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 24, 2022,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0002520-2020.

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED JANUARY 19, 2023**

Michael R. Forbes appeals from the judgment of sentence of five to ten years' incarceration imposed after Forbes pleaded guilty to failure to register with the Pennsylvania State Police as a sexual offender.[1]  Because the parties agree that his sentence is illegal, we vacate and remand.

Forbes served 35 years in prison for sexual offenses.  Afterwards, in 2018, he pleaded guilty to failing to verify his address under SORNA.  Forbes served 23 months' incarceration for that offense and started parole in March of 2020.  He became homeless.  Two months later, he suffered a stroke and entered the hospital.  While there, police arrested him for failing to register as a sexual offender.  Forbes pleaded guilty, and the court sentenced him to the mandatory minimum stated above.  This timely appeal followed.

---

[1] *See* 18 Pa.C.S.A. § 4915.1(a),(c)(2).

Forbes raises one issue on appeal: whether the mandatory-minimum sentence of five to ten years is illegal, because "such punishment was grossly disproportional to the conduct being punished" in violation of the Eighth Amendment to the Constitution of the United States. Forbes' Brief at 3.

He contends that the sentence, which the sentencing statutes required the court to impose, is unconstitutional as applied to him. In Forbes' view, five to ten years is a cruel and unusual punishment for a man of his age (66 years old), who committed his underlying crimes in the early 1980s, and who could not register due to homelessness and suffering from physical illness, including a stroke.

In response, the Commonwealth contends that the issue that Forbes has framed does not attack the legality of his sentence. Instead, it argues he truly challenges the discretionary aspects of his sentence, and Forbes waived that issue for various reasons. *See* Commonwealth's Brief at 9-14 (citing Pa.R.A.P. 2119(f)). Nevertheless, the Commonwealth agrees with Forbes that appellate relief is due, because the mandatory minimum of five to ten rested upon a SORNA statute that this Court has declared unconstitutional. *See* 42 Pa.C.S.A. § 9718.4 (held unconstitutional in *Commonwealth v. Blakney*, 152 A.3d 1053 (Pa. Super. 2016)).

In *Blakney*, we determined that sentencing someone "to a mandatory term of five to ten years' incarceration pursuant to 42 Pa.C.S.A. § 9718.4(a)(2)(i)" violated a defendant's constitutional rights. *Id.*, 152 A.3d at 1053–54 (Pa. Super. 2016). We stated, "the 'proof at sentencing' provision

set forth in section 9718.4(b) violates the rule announced in ***Alleyne [v.] United States***, 570 U.S. 99 (2013)], and that it is not severable from the remainder of the statute." ***Blakney***, 152 A.3d at 1056. Hence, this Court declared the entire statute unconstitutional.

Because the parties agree that Forbes' sentence is illegal (albeit for different reasons), they both ask that the sentence be vacated. Thus, we grant the requested relief.

Judgment of sentence vacated. Case remanded for resentencing.

Jurisdiction relinquished.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 1/19/2023*