J-S18038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN ANDREW SHENK | : | |
| | : | |
| Appellant | : | No. 1321 MDA 2018 |

Appeal from the PCRA Order Entered July 19, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005517-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN ANDREW SHENK | : | |
| | : | |
| Appellant | : | No. 1322 MDA 2018 |

Appeal from the PCRA Order Entered July 19, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005519-2011

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED APRIL 24, 2019**

Appellant, Kevin Andrew Shenk, appeals *pro se* from the July 19, 2018, order entered in the Court of Common Pleas of Lancaster County dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:

---

\*   Former Justice specially assigned to the Superior Court.

The Commonwealth charged Appellant with solicitation to commit statutory sexual assault, unlawful contact with a minor, corruption of a minor, and terroristic threats at case number 5517-2011.[1]

1 The terroristic threats charge was dismissed at a preliminary hearing.

In addition, at case number 5519-2011, the Commonwealth alleged Appellant committed twenty-four counts of possession of child pornography. Prior to these two sets of charges being leveled, Appellant had entered a guilty plea to two sex offenses that transpired on different dates. However, the guilty plea and sentencing for those crimes occurred on the same date. Based on these prior convictions, Appellant was subject to a mandatory minimum sentence under 42 Pa.C.S.A. § 9718.2.

The Commonwealth indicated that, if Appellant proceeded to trial, it would seek life imprisonment under its interpretation of the governing statute. The statute authorized life imprisonment for a third-time offender. Appellant, on the advice of counsel, entered a negotiated guilty plea. In exchange for Appellant's plea, the Commonwealth agreed to a sentence of twenty-five to fifty years incarceration to be followed by eight years probation. The prison sentenced equaled the mandatory minimum for a second-time offender under [Section] 9718.2. During the plea proceeding, Appellant was informed that if his sentences were run consecutively, he could be sentenced to a maximum of 1,311 years imprisonment. The court thereafter, on July 12, 2012, accepted Appellant's plea and sentenced Appellant to twenty-five to fifty years incarceration and eight years probation. Appellant filed a motion to withdraw [his guilty plea on January 3, 2013], which the court denied.[2] Appellant did not file a direct appeal.

2 The court further ordered a sexually violent predator assessment to be conducted by the Sexual Offenders Assessment Board. This assessment was performed after the sentencing and an SVP hearing was conducted on April 23, 2013. The court found Appellant to be an SVP. This Court has previously upheld the jurisdiction of a court to hold a sexually violent predator hearing after sentencing.

*Commonwealth v. Shenk*, 664 MDA 2014, *1-4 (Pa.Super. filed 12/4/14)

(unpublished memorandum) (footnote and citation omitted).

- 2 -

On July 1, 2013, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel, who filed an amended PCRA petition on November 1, 2013. Following a PCRA hearing, the PCRA court denied Appellant's PCRA petition, and Appellant filed a timely appeal to this Court. On December 4, 2014, this Court affirmed the PCRA court's denial of Appellant's first PCRA petition. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On March 16, 2015, Appellant filed a second *pro se* PCRA petition, and the PCRA court appointed counsel, who filed a petition seeking to withdraw his representation, as well as a **Turner/Finley**[1] no-merit letter. The PCRA court permitted counsel to withdraw and denied Appellant's PCRA petition. Appellant did not file an appeal to this Court.

On May 18, 2018, Appellant filed a third *pro se* PCRA petition, and on June 26, 2018, the PCRA court provided Appellant with notice of its intent to dismiss without an evidentiary hearing. By order entered on July 19, 2018, the PCRA court dismissed Appellant's PCRA petition, and Appellant filed a timely *pro se* notice of appeal on August 10, 2018.[2]

_____

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

[2] Appellant filed two separate notices of appeal, one for each lower court docket number. However, this Court consolidated the appeals on October 15, 2018.

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). In reviewing the propriety of the PCRA court's dismissal of Appellant's petition, we are limited to determining whether the PCRA court's findings are supported by the record, and whether the order is free of legal error. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA provides that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

    (i)      the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

    (ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In the case at bar, after Appellant pled guilty to numerous charges, on July 12, 2012, the trial court sentenced Appellant, and on April 23, 2013, Appellant was deemed to be a sexually violent predator. Appellant did not file a direct appeal to this Court, and, thus, his judgment of sentence became final thirty days later on May 23, 2013. *See Commonwealth v. Schrader*, 141 A.3d 558, 561 (Pa.Super. 2016) (holding where the defendant pleads guilty the judgment of sentence cannot become final until the sexually violent predator determination is made); Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). Appellant's current petition, filed on May 18, 2018, was clearly filed more than one year of the date the underlying judgment became final. Accordingly, the petition is facially untimely.

Appellant does not recognize that his instant PCRA petition is untimely; but rather, he asserts his petition has merit since his mandatory minimum sentence is illegal under *Commonwealth v. Hopkins*, 632 Pa. 36, 117 A.3d 247 (2015), *Commonwealth v. Wolfe*, 636 Pa. 37, 140 A.3d 651 (2016), and *Commonwealth v. Blakney*, 152 A.3d 1053 (Pa.Super. 2016).

However, as indicated *supra*, the courts have no jurisdiction to address the merits of an untimely PCRA petition.[3]

In any event, assuming, *arguendo*, Appellant intended to invoke the third timeliness exception, that the decisions cited *supra* satisfy the newly recognized constitutional right exception to the PCRA's time bar under Subsection 9545(b)(1)(iii), such reliance would not satisfy the timeliness exception.

In **Hopkins**, **supra**, our Supreme Court held the mandatory minimum sentence under 18 Pa.C.S.A. § 6317(a), pertaining to drug delivery in a school zone, is unconstitutional under **Alleyne**.[4]  In **Wolfe**, **supra**, our Supreme Court held that 42 Pa.C.S.A. § 9718, the statute providing a mandatory minimum sentence for involuntary deviate sexual intercourse crimes, is unconstitutional under **Alleyne**.  In **Blakney**, **supra**, this Court held 18 Pa.C.S.A. § 9781.4, failing to register, is unconstitutional under **Alleyne**.

However, our Supreme Court has held that **Alleyne** does not apply retroactively to collateral attacks upon mandatory minimum sentences

---

[3] **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa.Super. 2014) ("though not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised…in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.") (quotation marks and quotation omitted)).

[4] **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151 (2013) (holding any fact that increases mandatory minimum sentence for a crime is considered an element of the crime for fact-finder to find beyond reasonable doubt).

advanced in PCRA proceedings. *See Commonwealth v. Washington*, 636 Pa. 301, 142 A.3d 810 (2016) (holding *Alleyne* does not apply retroactively to cases pending on collateral review). Moreover, since *Alleyne* is not retroactive to cases pending on collateral review, the derivate cases applying *Alleyne* are not retroactive. *See Commonwealth v. Whitehawk*, 146 A.3d 266 (Pa.Super. 2016) (holding *Hopkins* did not announce new constitutional rule but merely applied *Alleyne* to a particular mandatory minimum statute, and even if it had, neither U.S. Supreme Court nor Pennsylvania Supreme Court has held *Alleyne* or *Hopkins* applies retroactively on collateral review). Therefore, to the extent these cases are otherwise relevant to Appellant's case, Appellant has failed to satisfy the newly-recognized constitutional right exception to the PCRA time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

Furthermore, Appellant suggests his sexually violent predator designation is illegal under our Supreme Court's decision in *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017), which held that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive, and retroactive application thereof violates the *ex post facto* clauses of the federal and Pennsylvania constitutions, and this Court's subsequent decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2017), which held that, in light of *Muniz*, the process for designating an individual as a sexually violent predator under SORNA is unconstitutional. To the extent Appellant's claim implicates the

timeliness exception of Subsection 9545(b)(1)(iii), that the decisions in **Muniz** and **Butler** satisfy the newly recognized constitutional right exception, such reliance would not satisfy the timeliness exception.

As this Court held in **Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018):

> [W]e acknowledge that this Court has declared that "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa.Super. 2017). However, because [the petitioner's] PCRA petition is untimely (unlike the petition at issue in **Rivera-Figueroa**), he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [the petitioner] cannot rely on **Muniz** to meet th[e third] timeliness exception.

**Murphy**, 180 A.3d at 405-06 (citation omitted).

In other words, this Court concluded that the holding in **Muniz** does not apply at this point to untimely-filed PCRA petitions. **See Murphy**, **supra**. Additionally, our Supreme Court has not held that our decision in **Butler** applies retroactively, even if **Butler** could be construed as creating a new constitutional right.[5]

---

[5] Appellant also suggests his sentence is illegal in light of **Commonwealth v. Helsel**, 53 A.3d 906 (Pa.Super. 2012), which held that where a defendant is sentenced at the same time for two triggering sex offenses, those crimes count as one conviction for purposes of Section 9718.2. Assuming, *arguendo*, Appellant raised this claim in relation to one of the timeliness exceptions, we note that a petitioner seeking relief pursuant to a timeliness exception must adhere to the additional requirement of filing a petition within the time limits

Accordingly, for all of the foregoing reasons, we conclude Appellant's instant PCRA petition was untimely filed, and he has not pled and proven his entitlement to one of the timeliness exceptions. Thus, he is not entitled to relief.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2019

---

of Section 9545(b)(2), which was amended effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year. This Court filed **Helsel** on September 14, 2012, and thus, Appellant's petition, which was filed on May 18, 2018, clearly does not meet the initial threshold under Section 9545(b)(2).